**Rafael GALINDO, Appellant (Defendant Below),**

v.

**R.L. CHRISTENSEN, M.D., and Ball Memorial Hospital, Appellee (Plaintiffs Below).**

**No. 49A02–9001–CV–26.**

Court of Appeals of Indiana, Second District.

April 11, 1991.

Mary Beth Ramey, Ramey & Hailey, Indianapolis, for appellant.

David J. Mallon, Jr. and Terri A. Czajka, Ice Miller Donadio & Ryan, Indianapolis, for appellee.

SHIELDS, Presiding Judge.

Rafael Galindo appeals the trial court's judgment that the Commissioner of the Indiana Department of Insurance "dismiss and withdraw with prejudice" his proposed medical malpractice complaint and that "said proposed complaint hereby is dismissed with prejudice." Record at 29.

We reverse and remand for further proceedings.

## ISSUES

1. Whether the Marion County Circuit Court has subject-matter jurisdiction over the subject of the motion for preliminary determination of law.

2. Whether the trial court has the statutory authority to dismiss the proposed complaint.

3. Whether the trial court abused its discretion in ordering dismissal of the proposed complaint.

## FACTS

On December 23, 1985 Galindo filed a complaint for damages with the Commissioner of the Indiana Department of Insurance in accordance with the Indiana Malpractice Act (Act), IC 16–9.5 (1988) (subsequently amended). The complaint alleged R.L. Christensen, M.D. and Ball Memorial Hospital (Ball) were negligent in treating Galindo.

On November 15, 1988 a medical review panel was selected and the panel chair established a schedule for the submission of evidence to the panel. The chair directed Galindo to submit his evidence by January 20, 1989, followed by Christensen and Ball's submission by February 24, 1989, and Galindo's optional reply by March 10, 1989. The chair stated the schedule was subject to suggestions of the parties and

panel members, keeping in mind "the panel is under a statutory direction to render its written opinion within 180 days of November 15, 1988." Record at 9. Galindo did not submit his evidence to the panel within this time frame.

On June 12, 1989 Christensen and Ball filed their motion for preliminary determination of law requesting the dismissal of Galindo's complaint with prejudice in the Marion County Circuit Court. The motion alleged Galindo prevented the panel from rendering its opinion within 180 days as required by IC 16–9.5–9–3.5(a) because he failed to submit evidence either in accordance with the panel chair's schedule or within 180 days of the date the panel was formed. After a hearing on September 19, 1989 the court ordered the Commissioner to dismiss and withdraw Galindo's proposed complaint with prejudice and ordered the proposed complaint dismissed. Galindo appeals.

## DISCUSSION

### I.

Galindo argues the trial court does not have subject-matter jurisdiction over the pending motion because Christensen and Ball failed to cause summonses to be issued and served upon the Commissioner and the panel chair.[1] IC 16–9.5–10–2 provides in part:

> Any party to a proceeding commenced under this article ... may invoke the jurisdiction of the court by paying the statutory filing fee to the clerk and filing a copy of the proposed complaint and motion with the clerk. The filing of a copy of the proposed complaint and motion with the clerk shall confer jurisdiction upon the court over the subject-matter and the parties to the proceeding for the limited purposes stated in this chapter.... The moving party or his attorney shall cause as many summonses as are necessary to be issued by the clerk

and served on the commissioner, each non-moving party to the proceedings and the chairman of the medical review panel.

IC 16–9.5–10–2 (1988).

In construing statutes, words and phrases must be given their plain, ordinary, and usual meaning unless a contrary purpose is clearly shown by the statute itself. *Merit Board v. Peoples Broadcasting Corp.* (1989), Ind., 547 N.E.2d 235. The language and structure of the provision fail to include issuance and service of summons as a prerequisite to bestowing the trial court with subject-matter jurisdiction. Rather, "the filing of a copy of the proposed complaint and motion with the clerk shall confer jurisdiction upon the court over the subject-matter...." IC 16–9.5–10–2.

The trial court has subject-matter jurisdiction to consider the motion for a preliminary determination of law.

### II.

Alternatively, Galindo argues the trial court does not have the statutory authority to order the dismissal. In particular, Galindo argues the instant motion does not fall within the limited jurisdiction the Act confers upon trial courts.

The applicable statutes are IC 16–9.5–10–1 (1988) and IC 16–9.5–9–3.5(b) (1988). They provide:

> A court having jurisdiction over the subject-matter and the parties to a proposed complaint filed with the commissioner under this article may ... (1) preliminarily determine any affirmative defense or issue of law or fact that may be preliminarily determined under the Indiana Rules of Procedure; or (2) compel discovery in accordance with the Indiana Rules of Procedure; or (3) both. The court has no jurisdiction to rule preliminarily upon any affirmative defense or issue of law or fact reserved for written

---

1. We do not address Galindo's argument the Marion County Circuit Court did not have subject-matter jurisdiction because the facts underlying his proposed complaint occurred in Delaware County. This issue is a matter of venue rather than subject-matter jurisdiction, *Pund v. Pund* (1976), 171 Ind.App. 347, 357 N.E.2d 257, and is waived by Galindo's failure to raise it in the trial court. Ind. Trial Rules 12(H)(1), 75(A).

opinion by the medical review panel under IC 16-9.5-9-7(a), (b), and (d).

IC 16-9.5-10-1 (1988).

> A party, attorney or panelist who fails to act as required by this chapter without good cause shown is subject to mandate or appropriate sanctions upon application to the court designated in the proposed complaint as having jurisdiction.

IC 16-9.5-9-3.5(b) (1988).

We initially observe that the exclusionary provision of IC 16-9.5-10-1 is inapplicable. Whether a proposed complaint may be dismissed because the complainant failed to submit his or her evidence in a timely manner is not an issue reserved for the medical review panel. IC 16-9.5-9-7 reserves to the medical review panel only the issue of whether "the defendant or defendants acted or failed to act within the appropriate standards of care as charged in the complaint," IC 16-9.5-9-7 (1988), an issue totally unrelated to the issue of whether the trial court has the statutory authority to order dismissal of the instant proposed complaint.

Instead, the subject motion sought the sanction of dismissal against Galindo because he failed to submit his evidence within 180 days of the selection of the panel and failed to submit evidence as scheduled by the panel chair. Those two questions involve issues of law and fact that may be preliminarily determined, after a hearing or upon motion, in accordance with the Indiana Rules of Procedure pursuant to IC 16-9.5-10-1. They also present a claim Galindo failed to comply with the Act, a claim which IC 16-9.5-9-3.5(b) specifically authorizes the trial court to address.

Based upon IC 16-9.5-10-1 and IC 16-9.5-9-3.5(b) the trial court has the specific statutory authority to entertain a request for sanctions for an alleged breach of a duty to proceed with evidence.

### III.

■ Galindo argues the trial court abused its discretion in ordering dismissal of his proposed complaint. He claims a trial court can dispose only of the administrative matter and cannot prospectively "kill" his cause of action because it is not before the trial court. He further claims the Act fails to grant the trial court authority to dismiss actions pending before the Commissioner and that dismissal contravenes the legislative intent of the act.[2] He submits it was not the intent of the legislature to bar malpractice actions prior to the issuance of an opinion by a medical review panel. Therefore, according to Galindo, the trial court erred in dismissing Galindo's proposed complaint with prejudice.

These various arguments are negated by the fact the Act specifically provides the trial court has the authority to impose appropriate sanctions upon a party who fails to act as required by the Act without good cause shown. IC 16-9.5-9-3.5(b).

The Act authorizes the panel chair to establish a reasonable schedule for submission of evidence to the medical review panel, IC 16-9.5-9-3(a), and, in addition, mandates the panel to render its opinion within 180 days of the selection of the complete panel. IC 16-9.5-9-3.5(a). Implicit in these provisions is the corresponding duty upon the parties to comply with the schedule, if one is set by the chair, and upon the parties and the panel to comply with the 180 day limit; an available remedy for any breach is court-ordered sanctions.

Necessarily, the initial burden falls upon the party submitting the proposed complaint. Without evidence from the complainant in support of the proposed complaint the review panel is unable to "express its expert opinion as to whether or

---

2. Galindo also argues a court-ordered sanction of dismissal violates various provisions of the Indiana and United States Constitutions. However, the record fails to reveal these arguments were presented to the trial court; they cannot be raised for the first time on appeal. *State Farm Ins. Companies v. Flynn* (1988), Ind.App., 531 N.E.2d 527. It should be noted, though, that a trial court does not violate the due process rights of a plaintiff who fails to comply with reasonable procedural requirements imposed by law by dismissing the plaintiff's complaint. *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 438, 102 S.Ct. 1148, 1159, 71 L.Ed.2d 265.

not the evidence supports the conclusion that the defendant or defendants acted or failed to act within the appropriate standards of care as charged in the complaint." IC 16–9.5–9–7. Only when the complainant's evidence is submitted is the defendant in the proposed complaint compelled to come forward with evidence in response to the complainant's evidence. Thus, contrary to Galindo's argument, neither the failure of a defendant to come forward with evidence, the panel's failure to render an opinion nor the failure of a panel to convene, which by statute occurs "after submission of all evidence," IC 16–9.5–9–5, is an impediment to sanctioning the complainant.

■ Further, dismissal is a sanction which a trial court has the inherent authority to order in its discretion. *See* Ind. Trial Rule 37. As in the violation of a discovery order, appropriate considerations for the trial court in exercising its discretion as to the appropriate sanction is whether the breach of duty was intentional or contumacious and whether prejudice resulted. *Martin v. State* (1989), Ind., 535 N.E.2d 493; *Whitewater Valley Canoe Rental, Inc. v. Board of Franklin County Comm'rs.* (1987), Ind.App., 507 N.E.2d 1001.

■ Of course, a hearing on the appropriate sanction, if any, is necessary. Further, a hearing is required by IC 16–9.5–9–3.5(b) in that the party against whom sanctions are sought specifically is permitted the opportunity to show good cause for the party's failure to act in accordance with the party's duty. In the instant case, the trial court's notice to the parties advised that oral arguments would be heard on the motion for a preliminary decision; only oral arguments were held. Hence, the record is devoid of evidence in support of the moving party's burden of establishing the propriety of a sanction as well as the appropriate sanction. It also fails to evidence the non-moving party was provided with an opportunity to show why that party's inaction was for good cause.

In summary, the trial court has subject-matter jurisdiction over the question of sanctions and it has the statutory authority to impose sanctions, including dismissal, in the exercise of its sound discretion. However, prior to imposing sanctions a hearing must be held on the question of the propriety of a sanction as well as the appropriate sanction. This hearing was not held in the instant case. Therefore, we reverse the judgment ordering the Commissioner to dismiss the proposed complaint as well as the judgment dismissing the proposed complaint and remand for that hearing.

Judgment reversed for further proceedings.

STATON and BARTEAU, JJ., concur.