William M. GROUND, Deceased, Estate of William M. Ground, Deceased by Its Representative Garnet L. Ground, Garnet L. Ground, Kenneth L. Ground, Joanne L. Pyle, Susan E. Wright, and William S. Lyons, Appellants–Plaintiffs Below,

v.

METHODIST HOSPITAL OF INDIANA, INC., Metrohealth d/b/a Urgent Care Center, Jonathan R. Roskam, M.D., Jeffrey R. Bessette, M.D., Don R. Jardine, M.D., Gilbert T. Herod, M.D., Henry Feuer, M.D., Unknown Individuals, and John Dillon, III, Commissioner, Indiana Department of Insurance, Appellees–Defendants Below.

No. 49A02–9101–CV–00032.[1]

Court of Appeals of Indiana, Third District.

Aug. 13, 1991.

Rehearing Denied Sept. 24, 1991.

---

1. This case was assigned to this office on July 3, 1991.

Max D. Rynearson, Gary L. Griffiths, Rynearson & Associates, Indianapolis, for appellants-plaintiffs below.

Daniel R. Fagan, Nana Quay–Smith, Bingham Summers Welsh & Spilman, Indianapolis, for appellees-defendants below Don R. Jardine, M.D., Gilbert T. Herod, M.D., and Henry Feuer, M.D.

Frederick W. Lacava, Robert G. Zeigler, LaCava Zeigler & Carter, Indianapolis, for appellees-defendants below Methodist Hosp. of Indiana, Inc., and Jeffrey R. Bessette, M.D.

James V. Donadio, Terri A. Czajka, Ice Miller Donadio & Ryan, Indianapolis, for appellees-defendants below Metrohealth d/b/a Urgent Care Center and Jonathan R. Roskam, M.D.

STATON, Judge.

The appellants in this action (the Grounds) appeal the dismissal of their proposed complaint in their medical malpractice action. While they raise four issues, the underlying dispute is whether the trial court erred in dismissing their proposed complaint with prejudice for failing to timely file a medical submission with the Medical Review Panel. The Grounds' contentions may be addressed in that context.

We affirm.

On February 7, 1989, the Grounds filed a proposed complaint with the Indiana Department of Insurance pursuant to Indiana Code 16–9.5–9–1 (Supp.1990), alleging that the appellees (hereinafter Providers) were negligent in the care rendered to William Ground in February of 1987. Counsel for the Grounds was Rynearson & Associates, appearing by Dennis Ferguson.

On January 17, 1990, the Chairman of the Medical Review Panel notified the parties of the schedule for the submission of evidence to the Panel, requiring the Grounds to make a submission by March 16, 1990, the Providers to make a submission 30 days after the Grounds' submission, and a rebuttal submission within 15 days of the answer submission. This schedule was set in order that the Panel could render a decision within the 180 day limit set by Indiana Code 16–9.5–9–3.5(a). The 180 day period in this case would expire on July 15, 1990.

At some point, William T. White assumed the duties for the Grounds' case from Dennis Ferguson, Ferguson no longer being associated with the Rynearson firm.

No submission was made to the Panel on behalf of the plaintiffs by March 16, 1990. On March 20, 1990, the Panel Chairman wrote a letter to White investigating the

status of the overdue medical submission. On April 20, 1990, the Chairman notified the parties that he had spoken with White, who indicated that a submission would be filed by April 20, 1990.

No submission was made by April 20, 1990, and on May 14, 1990, the Chairman again wrote White regarding the status of the overdue submission. On May 22, 1990, John Henry, another attorney associated with Rynearson and Associates, notified the Panel and the parties that White had left the law firm without prior notice, and would no longer be handling the case. Henry also requested additional time to prepare the panel submission and noted that the Grounds would have no objection to waiving the 180 day time limit for an opinion.

On June 21, 1990 the Providers filed in the Marion Superior Court a "Motion For Preliminary Determination of Law To Dismiss Complaint For Failure To Prosecute Pursuant To Trial Rule 41(E)." On July 5, 1990, the Grounds filed a medical submission with the Panel. On July 25, 1990, a hearing was held on Providers' motion. On July 26, the trial court ordered the Department of Insurance to withdraw and dismiss with prejudice the Grounds' proposed complaint, and dismissed their proposed complaint with prejudice, finding that the Grounds "had failed to act in accordance with I.C. 16–9.5–9–3.5." The Grounds' motion to correct errors was denied and they bring this appeal.

The Grounds cite considerable authority in support of their argument that the trial court erred in dismissing their malpractice action under the law applying to Trial Rule 41(E). Providers correctly point out, however, that the decision of the trial court was based upon Indiana Code 16–9.5–9–3.5(b), which provides:

(b) A party, attorney, or panelist who fails to act as required by this chapter without good cause shown is subject to mandate or appropriate sanctions upon application to the court designated in the proposed complaint as having jurisdiction.

Grounds point out that Providers' motion was captioned a motion to dismiss pursuant to Trial Rule 41(E) and the motion as well as the brief in support of the motion contained references to the trial rule and no references to section 3.5(b). However, pleadings are to be examined and treated as to their content rather than their caption. *Serban v. Halsey* (1989), Ind. App., 533 N.E.2d 162, 163. Trial Rule 41(E) on its face applies to "civil cases," not to administrative actions. Indiana Code 16–9.5–9–3.5(b) is an administrative parallel to Trial Rule 41(E)—it affords relief when a party or panel member is dilatory or fails to comply with chapter nine of the Medical Malpractice Act. Thus, while Providers cite to Trial Rule 41(E), they allege circumstances which would justify dismissal under section 3.5(b), including noncompliance with the time limitations prescribed by the Act. In substance, Providers requested relief under section 3.5. The trial court correctly treated their motion as a motion under section 3.5(b).

Having concluded that section 3.5(b) applies to the dismissal, we address the Grounds' contention that the trial court improperly dismissed their action. Providers cite *Galindo v. Christenson* (1991), Ind.App., 569 N.E.2d 702 in support of the trial court's judgment of dismissal. In *Galindo*, while expressing the opinion that dismissal was a permissible sanction under section 3.5(b), we reversed for a hearing to give the plaintiff an opportunity to show cause why the case should not be dismissed.

The plaintiff in *Galindo* "failed to submit his evidence within 180 days of the selection of the panel and failed to submit evidence as scheduled by the panel chair." *Id.* at 705. We stated:

[T]he Act specifically provides the trial court has the authority to impose appropriate sanctions upon a party who fails to act as required by the Act without good cause shown. IC 16–9.5–9–3.5.

The Act authorizes the panel chair to establish a reasonable schedule for submission of evidence to the medical review panel, IC 16–9.5–9–39(a), and, in addition,

mandates the panel to render its opinion within 180 days of the selection of the complete panel. IC 16–9.5–9–3.5(a). Implicit in these provisions is the corresponding duty upon the parties to comply with the schedule, if one is set by the chair, and upon the parties and the panel to comply with the 180 day limit; an available remedy for any breach is court-ordered sanctions.

Necessarily, the initial burden falls upon the party submitting the proposed complaint. Without evidence from the complainant in support of the proposed complaint the review panel is unable to "express its expert opinion as to whether or not the evidence supports the conclusion that the defendant or defendants acted or failed to act within the appropriate standards of care as charged in the complaint." IC 16–9.5–9–7.

*Id.* at 705–706.

Dismissal was a remedy which was within the trial court's authority. *Id.* at 706. The trial court did not abuse its discretion in utilizing this remedy for the Grounds' failure to comply with the evidentiary schedule set up by the Panel after repeated requests to submit medical evidence in support of their proposed complaint.

■ The Grounds argue that no medical submission is required by the Act, so they could not be sanctioned for failing to file a timely submission. Assuming *arguendo* that no submission is required, fairness dictates that the Panel be notified that the plaintiff will not be submitting evidence, so that the evidentiary schedule may be expedited to bring it within the 180 day decision period. No such notice was given here; in fact, Grounds indicated that they *were* going to submit evidence to the Panel, and did in fact tender a medical submission, albeit nearly four months after it was due.

■ Finally, the Grounds argue that the judgment of the trial court should be reversed here, as in *Galindo* for failure to hold a hearing. However, the record indi-

cates that the motion for dismissal was set for hearing. We have defined a hearing as "a proceeding of relative formality held in order to determine issues of fact or law in which evidence is presented and witnesses are heard." *Hunt v. Shettle* (1983), Ind. App., 452 N.E.2d 1045, 1050. Although the hearing held here was somewhat informal, exhibits to the motion to dismiss were introduced and considered by the judge, exhibits on behalf of the Grounds were introduced and considered, and there is no indication that the Grounds could not have introduced further evidence had they wished.[2] They do not allege here that they were not given an opportunity to show cause why their complaint should not be dismissed; the record indicates that they appeared by counsel at the hearing and were given such an opportunity.

Affirmed.

RATLIFF, C.J., and SHIELDS, J., concur.

2. A transcript of the hearing was not provided us, as it appears that the hearing was conducted informally in the trial judge's chambers; however, appellants submitted their version of what

took place at the hearing, to which appellees filed objections and amendments. *See* A.R. 7.2(A)(3)(c).