Betty **BLACKDEN and Owen Blackden,**
**Appellants–Plaintiffs,**

v.

Alan J. **KAUFMAN, M.D.; Alan J. Kaufman, M.D., Inc.; Larrie Rinck, O.D.; Rinck Medical Services; and, The Lowell Clinic, Appellees–Defendants.**

No. 37A03–9205–CV–141.

Court of Appeals of Indiana,
Third District.

April 5, 1993.

Rehearing Denied July 13, 1993.

David K. Galloway, Sr., Jennifer A. Eversole, Galloway & Jackson, Chesterton, for appellants-plaintiffs.

Bonnie L. Gailivan, Laure V. Flaniken, Ice Miller Donadio & Ryan, Indianapolis, Daniel A. Gioia, Tammy S. Sestak, Spangler, Jennings & Dougherty, P.C., Merrillville, appellees-defendants.

GARRARD, Judge.

Betty and Owen Blackden appeal the dismissal of their proposed medical malpractice complaint before the Indiana Department of Insurance.

The proposed complaint, filed on February 13, 1986, alleged that the defendants, Alan J. Kaufman, M.D., Alan J. Kaufman, M.D., Inc., Larrie Rinck, O.D., Rinck Medical Services, Inc., and The Lowell Clinic (Providers), committed medical malpractice by negligently diagnosing, treating, and caring for Betty Blackden's lower back

problem. The alleged negligence occurred on or around February 12, 1984.

After numerous delays, several motions for preliminary determinations of law, and a change of counsel, a medical review panel was chosen on January 17, 1991 and certified on February 28, 1991. The panel chairman, Thomas A. Vater, established a schedule for the submission of evidence to the panel. The chair directed the Blackdens to submit their evidence by April 1, 1991, followed by Providers' submission by May 2, 1991. The chair invited the parties to contact him if they had any questions concerning the submission schedule. This schedule was set in order so that the panel could render a decision within the 180 day limit set by Indiana Code 16–9.5–9–3.5(a). The 180 day period in this case would expire on August 28, 1991.

On March 27, 1991, the Blackdens requested and received an extension of time and a new submission schedule was set with Blackdens to submit their materials by May 1, 1991 and Providers to submit their materials by June 10, 1991. The chair stated that there would be no further extensions of time.

On May 1, 1991, no submission was made to the panel by the Blackdens. Blackdens' counsel claims to have mailed his submission at that time, but admits that the information was not sent certified and that there was therefore no record of the mailing. On May 23, Providers' counsel wrote to the chairman and to Blackdens' counsel regarding the status of Blackdens' submission. On May 31, 1991, Blackdens' counsel called the chairman to explain his dilemma and stated that he would make new copies of his submission and mail them again. Blackdens' counsel made similar representations to Providers' counsel in a letter dated June 20, 1991. Finally, on June 24, 1991, the chairman wrote to Blackdens' counsel giving him 10 days within which to submit the medical records to be sent to the panel along with an affidavit stating the reason for the delay.

On August 24, 1991, four days before the medical review panel was to have rendered its decision, Blackdens' attorney mailed his

submission. Counsel for the Blackdens states that an intervening vacation and the unexpected premature birth of his son prevented him from reviewing his file on the Blackdens' case until August 15, 1991. It was at this time that Blackdens' counsel assertedly discovered the letter from the chairman and began compiling the needed materials for resubmission.

On August 30, 1991, Providers filed a motion for preliminary determination of law requesting the dismissal of Blackdens' proposed complaint with prejudice. The motion alleged that the Blackdens prevented the panel from rendering its opinion within 180 days as required by IC 16–9.5–9–3.5(a). After a hearing on November 26, 1991, the Jasper Superior Court entered an Order of Dismissal, dismissing with prejudice the proposed complaint as to all defendants. Blackdens' motion to correct errors was denied and they bring this appeal.

We affirm.

■ The Blackdens present one issue for review which we restate as follows: Whether the trial court erred in dismissing Blackdens' proposed complaint with prejudice for failure to timely file a medical submission with the medical review panel.

The Blackdens make numerous arguments concerning the validity of the trial court's ruling. They first contend that the trial court had no statutory authority to order the dismissal of their proposed complaint. They further claim that the Indiana Medical Malpractice Act (Act) fails to grant the trial court authority to dismiss actions pending before the Commissioner and that

dismissal contravenes the legislative intent of the Act. We disagree.

■ The Act specifically provides the trial court with the authority to impose appropriate sanctions upon a party who fails to act as required by statute without good cause shown. IC 16–9.5–9–3.5(b) states:

> A party, attorney, or panelist who fails to act as required by this chapter without good cause shown is subject to mandate or appropriate sanctions upon application to the court designated in the proposed complaint as having jurisdiction.

Under this section the trial court has the specific authority to entertain a request for sanctions for an alleged breach of a duty to proceed with evidence. *Galindo v. Christensen* (1991), Ind.App., 569 N.E.2d 702, 705.[1] The Act authorizes the panel chair to establish a reasonable schedule for submission of evidence to the medical review panel, IC 16–9.5–9–3, and, in addition, mandates that the panel render its opinion within 180 days of the selection of the complete panel. IC 16–9.5–9–3.5(a). Implicit in these provisions is the corresponding duty upon the parties to comply with the schedule set by the chair, and upon the parties and the panel to comply with the 180 day limit. *Galindo, supra* at 705. An available remedy for any breach is court-ordered sanctions. *Id.*

■ The Blackdens argue that the panel was required to render its opinion even in the absence of their submission and that the Providers' did not submit their material or take action to prosecute this case.[2] The initial burden, however, necessarily falls upon the party submitting the proposed complaint. *Id.* Without evidence from the

---

1. The court in *Galindo, supra* also based its reasoning on IC 16–9.5–10–1 which provides in part:

   > A court having jurisdiction over the subject matter and the parties to a proposed complaint filed with the commissioner under this article may, upon the filing of a copy of the proposed complaint and a written motion under this chapter, (1) preliminarily determine any affirmative defense or issue of law or fact that may be preliminarily determined under the Indiana Rules of Procedure.

2. The Blackdens also argue that no medical submission is required by the Act and therefore

they cannot be sanctioned for failing to file a timely submission. Even if no submission were required by the Act, fairness dictates that the panel be notified that the plaintiff will not be submitting evidence, so that the evidentiary schedule may be expedited to bring it within the 180 day decision period. *Ground v. Methodist Hosp. of Indiana, Inc.* (1991), Ind.App., 576 N.E.2d 611, 614, *trans. denied.* No such notice was given here and, to the contrary, Blackden indicated on several occasions that he would be sending in the evidence shortly. He did in fact send in the submission, four days before the panel was to have rendered its opinion.

complainant in support of the proposed complaint, the review panel is unable to express its expert opinion as to whether or not the evidence supports the conclusion that the defendant or defendants acted or failed to act within the appropriate standards of care as required by IC 16–9.5–9–7. *Id.* Only when the complainant's evidence is submitted is the defendant in the proposed complaint compelled to come forward with evidence in response to the complainant's evidence. *Id.* Thus, contrary to Blackdens' argument, neither the failure of a defendant to come forward with evidence, nor the failure of the panel to render an opinion, is an impediment to sanctioning the complainant.[3] *Id.*

 The Blackdens argue, however, that dismissal was an inappropriate sanction in this case. Both the court in *Galindo, supra* and *Ground v. Methodist Hosp. of Indiana, Inc.* (1991), Ind.App., 576 N.E.2d 611, 613, *trans. denied,* held that dismissal was an appropriate sanction under IC 16–9.5–9–3.5(b).[4] Furthermore the sanction of dismissal is entrusted to the sound discretion of the trial court. *Galindo, supra* at 706; *Ground, supra* at 614. After a hearing is held and the trial court determines that a dismissal is an appropriate sanction for noncompliance with reasonable procedural requirements, it is incumbent upon the plaintiff to demonstrate why the trial court should have been required to rule differently as a matter of law. The Blackdens merely put forth their view of the facts. They have not demonstrated abuse. Dismissal was a remedy which was within the trial court's authority. The trial court did not abuse its discretion in utilizing this remedy for Blackdens' failure to comply with the evidentiary schedule set up by the panel chair, especially after repeated requests to submit such evidence.[5]

For the foregoing reasons the judgment of the trial court is affirmed.

HOFFMAN and ROBERTSON, JJ., concur.

---

**3.** We would also note that according to IC 16–9.5–9–5 either party shall have the right to convene the medical review panel only "after submission of all evidence and upon ten (10) days notice to the other side."

**4.** The Blackdens contend that this interpretation is unconstitutional in that it denies them their rights to due process, jury trial, and access to the courts. Even if we were to say that Blackdens' cause of action is a constitutionally protected property right, we do not agree that they were not afforded adequate due process. A trial court does not violate the due process rights of a plaintiff who fails to comply with reasonable procedural requirements imposed by law by dismissing the plaintiff's complaint. *Galindo, supra* at 705 n. 2, *see Logan v. Zimmerman Brush*

*Co.* (1982), 455 U.S. 422, 438, 102 S.Ct. 1148, 1159, 71 L.Ed.2d 265. The procedural requirements imposed in this case, the submission schedule put forth by the panel chairman, were reasonable and all the more in light of the 30 day extension of time granted to Blackden to accommodate counsel's schedule.

**5.** The Blackdens also argue that the trial court erred in relying 'upon Ind.Trial Rule 41(E) in dismissing their proposed complaint. The record reveals, however, that the trial court relied upon IC 16–9.5–10–1, IC 16–9.5–9–3.5, and Trial Rule 41(E) as authority for the dismissal. As we have explained earlier, IC 16–9.5–9–3.5 alone adequately encompasses the sanctions imposed in this instance. The inclusion of additional authority is merely cumulative.