Thomas A. BEEMER and, Suzanne M. Beemer, Appellants–Plaintiffs,

v.

Daniel P. ELSKENS, M.D., Appellee–Defendant.

No. 79A04–9608–CV–317.

Court of Appeals of Indiana.

March 26, 1997.

Rehearing Denied May 30, 1997.

George Hoffman, III, Franklin, for Appellants–Plaintiffs.

Todd J. Kaiser, Jon M. Pinnick, Sandra Boyd Williams, Locke Reynolds Boyd Weisell, Indianapolis, for Appellee–Defendant.

**OPINION**

DARDEN, Judge.

*STATEMENT OF THE CASE*

Thomas and Suzanne Beemer ("the Beemers") appeal the dismissal of their proposed

medical malpractice complaint against Dr. Daniel Elskens ("Dr. Elskens") before the Indiana Department of Insurance.

We reverse.

## ISSUE

Whether the trial court abused its discretion in dismissing the Beemers' proposed medical malpractice complaint with prejudice for failing to timely file a medical submission with the medical review panel.

## FACTS AND PROCEDURAL HISTORY

The facts relevant to this appeal are essentially undisputed. On October 21, 1994, the Beemers filed their proposed medical malpractice complaint with the Indiana Department of Insurance pursuant to the Medical Malpractice Act ("the Act"),[1] and their civil complaint for damages in Tippecanoe County Superior Court. The complaints alleged that Dr. Elskens was negligent in performing surgery on Mr. Beemer. On March 21, 1995, the parties filed a stipulation to stay trial court proceedings until after a medical review panel rendered an expert opinion.

On July 21, 1995, the formation of a medical review panel was completed, and the parties selected Douglas Hill as chairman ("Chairman Hill"). On that date, Chairman Hill sent a letter notifying the parties and the panel of the schedule by which they were to submit evidence to the panel: the Beemers' initial submission was due by September 11, 1995; Dr. Elskens' submission was due by October 11, 1995; and the Beemers' reply was due by October 26, 1995. The letter also stated that the panel opinion was due by January 17, 1996.[2] Chairman Hill invited the parties or panel members to contact him if they had any objection concerning the schedule and stated that he would assume that it was acceptable if he did not receive any objection. There was no reply or objection to this letter.

On September 15, 1995, four days after the Beemers' submission was due, Chairman Hill received a telephone communication from the Beemers' counsel stating that the Beemers' submission was near completion but that counsel was starting an unrelated jury trial that was expected to last two weeks. On October 13, 1995, Chairman Hill sent a letter to the parties confirming his prior telephone communication with counsel for the Beemers. The letter stated, in pertinent part, as follows:

This will confirm our telephone conversation several weeks ago. On September 15 you indicated that your submission in this case was near completion but that you were starting a trial that would last for two weeks.

Would you let [counsel for Dr. Elskens] and me know when you expect to have your submission completed? Thanks very much.

(R. 34). The Beemers' counsel failed to respond to Chairman Hill's letter, and there was no new schedule set for the submission of the evidence.

On or about January 22, 1996, five days after the 180-day time limit within which the panel was to render an opinion, Chairman Hill received the Beemers' submission of evidence. On February 1, 1996, Dr. Elskens filed a motion for preliminary determination of law and a motion to dismiss. The Beemers' counsel filed a verified response to the motion to dismiss, which stated in relevant part:

3. That on March 10, 1995, John Papageorge, an associate with our office, left our office to practice elsewhere, and at that time I assumed the majority of Mr. Papageorge's caseload including all medical malpractice cases;

4. That beginning September 18, 1995, I was involved in a reckless homicide jury trial entitled *State of Indiana v. Charles David Kelly,* venued from Ripley Circuit Court to Decatur Superior I, ... which jury trial lasted until September 26, 1995; that I was solely responsible for the preparation of said jury trial which involved

---

1. Ind.Code 27–12–1–1 to 27–12–18–2.

2. The panel was required to render its expert opinion within one hundred and eighty (180) days from the date of the selection of the last member of the panel. Ind.Code 27–12–10–13.

more than fifty depositions, and included four experts; therefor, I worked on *State v. Kelly* to the exclusion of all others for the three weeks immediately prior to trial;

5. That on October 2, 1995, Andrew Baldwin, an associate with our office, left our office to practice elsewhere, and at that time I assumed additional caseload;

6. That on October 9, 1995, I was involved in a jury trial ... venued from Marion County to Boone Circuit Court, ... which jury trial lasted two days;

7. That from October 25, 1995, to December 20, 1995, I was involved in the mediation of six different cases and attended four continuing legal education seminars;

8. That I went on a previously scheduled vacation from December 21, 1995, to January 5, 1996, and was out of the State during that time period;

(R. 54–55). After hearing evidence on Dr. Elskens' motions, the trial court dismissed the Beemers' proposed complaint on April 10, 1996. The Beemers filed a motion to reconsider, and the trial court denied the motion after hearing evidence. The Beemers initiated this appeal on May 19, 1996. On June 6, 1996, the trial court, upon Dr. Elskens' motion, entered a *nunc pro tunc* entry replacing the court's original dismissal order with a new dismissal order wherein the court specifically found that the Beemers failed to present good cause for failing to file a timely submission of evidence.

## DECISION

▮ The Act requires that before a claim for medical malpractice may be brought before an Indiana court, such claim must first be presented to a medical review panel and an opinion must be rendered by such panel. Ind.Code 27–12–8–4. Once a panel is formed, it must review the evidence presented by the parties and render its expert opinion within 180 days. Ind.Code 27–12–10–13(a). When the panel does not give its opinion within 180 days, the statute does not mandate dismissal or act as an absolute

bar to litigants. *Gleason v. Bush,* 664 N.E.2d 1183, 1187 (Ind.Ct.App.1996). Consequently, if a panel should be unable to comply with the 180 day time limitation because of plaintiff's failure to make a timely submission, that does not automatically trigger the imposition of sanctions on either parties or panel members. *Id.* Instead, the panel must submit an explanation to the commissioner explaining the delay and attempt to expedite the process in a reasonable manner. *See* Ind.Code 27–12–10–13(b). The defendant may seek dismissal or other sanctions by initiating a court action pursuant to Ind.Code 27–12–10–14,[3] which provides:

> A party, attorney, or panelist who fails to act as required by this chapter without good cause shown is subject to mandate or appropriate sanctions upon application to the court designated in the proposed complaint as having jurisdiction.

The choice of appropriate sanctions under the Act is a matter within the discretion of the trial court. *See Gleason,* 664 N.E.2d at 1187.

▮ Dismissals are generally viewed in disfavor and considered extreme remedies which should be granted only under limited circumstances. *See Christian Business Phone Book, Inc. v. Indianapolis Jewish Community Relations Council,* 576 N.E.2d 1276 (Ind.Ct.App.1991). In *Breedlove v. Breedlove,* 421 N.E.2d 739 (Ind.Ct.App.1981), Judge Shields, speaking for this Court, stated:

> The sanction of dismissal or default is obviously more drastic and severe than other available sanctions. Because the law favors the disposition of cases on their merits, the imposition of these sanctions is appropriate only under limited circumstances or in extreme situations.

*Id.* at 742.

▮ In reviewing the dismissal of a proposed complaint under the Act, the question before this court is whether the trial court abused its discretion. *Jones v. Wasserman,*

---

3. I.C. 27–12–10–14 is an administrative parallel to Ind.Trial Rule 41(E), regarding dismissal of an action for failure to prosecute or comply with the rules. *Jones v. Wasserman,* 656 N.E.2d 1195 (Ind.Ct.App.1995); *Rivers v. Methodist Hospitals, Inc.,* 654 N.E.2d 811, 815 (Ind.Ct.App.1995); *Ground v. Methodist Hosp. of Indiana,* 576 N.E.2d 611 (Ind.Ct.App.1992), *trans. denied.*

656 N.E.2d 1195, 1197 (Ind.Ct.App.1995). An abuse of discretion exists where the trial court's decision is clearly against the facts and circumstances before the court or the reasonable, probable and actual deductions to be drawn therefrom. *See Sills v. Irelan,* 663 N.E.2d 1210, 1213 (Ind.Ct.App.1996); *see also Kovenock v. Mallus,* 660 N.E.2d 638, 640 (Ind.Ct.App.1996).

The Beemers contend that the trial court abused its discretion in dismissing their proposed complaint with prejudice. In support of their argument, the Beemers cite *Galindo v. Christensen,* 569 N.E.2d 702 (Ind.Ct.App. 1991) for the proposition that Dr. Elskens had the burden of establishing that the Beemers' untimely submission was intentional or contumacious and that he was prejudiced as a result. They further contend that because Dr. Elskens failed to meet this required showing, the trial court erred in granting Dr. Elskens' motion to dismiss.

■ However, we do not agree with the Beemers' characterization of what *Galindo* held. First, the issue before the court in *Galindo* was whether the trial court must conduct a hearing prior to ruling on a motion to dismiss a proposed complaint for failure to timely submit evidence to the panel. In deciding that such a hearing was necessary, we stated that "appropriate considerations for the trial court in exercising its discretion as to the appropriate sanction is whether the breach of duty was intentional or contumacious and whether prejudice resulted." *Galindo,* 569 N.E.2d at 706. Thus, *Galindo* merely points to appropriate factors which the trial court may consider in determining the choice of sanctions. Accordingly, *Galindo* does not preclude consideration of other factors or establish a burden of proof for the sanction of dismissal. Since *Galindo,* we have addressed the issue of whether a trial court abused its discretion in dismissing a proposed complaint for failure to timely submit evidence in various cases, and none of our opinions thereon have framed the critical inquiry as being whether the plaintiff's conduct was intentional or contumacious or resulted in prejudice. *See Gleason,* 664 N.E.2d 1183; *Jones,* 656 N.E.2d 1195; *Blackden v. Kaufman,* 611 N.E.2d 663 (Ind.Ct.App.1993)

*trans. denied.; Ground v. Methodist Hospital of Indiana,* 576 N.E.2d 611 (Ind.Ct.App. 1991). Faced with this specific question, we hold that it is proper for the trial court to consider the entire record of facts and circumstances surrounding the particular case when determining whether dismissal of a proposed complaint is an appropriate sanction.

■ The facts and circumstances of this case show that on July 21, 1995, Chairman Hill set a schedule with the Beemers' submission due by September 11, 1995. On September 15, 1995, four days after their original submission deadline, counsel for the Beemers' contacted Chairman Hill by telephone and advised that although the submission was near completion, counsel was involved in an unrelated jury trial which was expected to last two weeks. Counsel for the Beemers explained that he was solely responsible for the preparation of this jury trial and that he had worked exclusively on the case for at least three weeks before the trial was scheduled to commence. Evidence subsequently presented before the trial court verified counsel's involvement in an extensive jury trial from September 18, 1995 until September 26, 1995.

In addition, there was other evidence before the trial court which also indicated the Beemers' submission to the panel was provided as soon as practicable by counsel. Moreover, in Chairman Hill's response to counsel's request for additional time, he did not deny their request. Hence, an implicit extension of time was granted. There was no revision of the original submission schedule or new deadline for submission imposed on the Beemers by Chairman Hill. The Beemers' verified response to the motion to dismiss was not disputed or rebutted in any manner before the trial court. The record reveals no inquiry by Dr. Elskens in this regard. The record fails to show, and Dr. Elskens does not contend, that the Beemers deliberately submitted their evidence in a dilatory fashion. Further, there is an absence of any history of repeated failures to

comply with submission deadlines.[4] The Beemers were not continually prodded by either the Chairman or Dr. Elskens to make their submission. A panel's inability to render an expert opinion within the 180–day time limitation pursuant to I.C. 27–12–10–13(a) because of a plaintiff's failure to submit evidence does not automatically trigger the sanction of dismissal. *See Gleason,* 664 N.E.2d at 1187. On the facts before the trial court in this case, we find the trial court abused its discretion in dismissing the Beemers' proposed medical malpractice complaint as an appropriate sanction.

Judgment reversed.

RILEY, J., concurs.

CHEZEM, J., dissents with separate opinion.

CHEZEM, Judge, dissenting.

I respectfully dissent. In reviewing the dismissal of a proposed complaint under the Medical Malpractice Act, this court asks whether the trial court abused its discretion. *Jones v. Wasserman,* 656 N.E.2d 1195, 1196 (Ind.Ct.App.1995), *trans. denied.* "An abuse of discretion occurs only if the trial court's decision is against the logic and effect of the facts and circumstances before the court." *Benton v. Moore,* 622 N.E.2d 1002, 1005 (Ind. Ct.App.1993). "The judgment will be affirmed if there is any evidence supporting the trial court's decision." *Id.* Thus, once the trial court has held a hearing and determined to impose the sanction of dismissal for noncompliance with reasonable procedural requirements, "it is incumbent upon the plaintiff to demonstrate why the trial court should have been *required* to rule differently as a matter of law." *Wasserman,* 656 N.E.2d at 1197 (emphasis added).

The evidence indicated that on July 21, 1995, Chairman Hill invited the parties to contact him if they had any objection concerning the schedule and stated that he would assume that it was acceptable if he did not receive any objection. At that time, the Beemers' attorney (the "Attorney") had known since March of 1995 that he had lost one associate, yet he made no reply or objection to the schedule. Moreover, rather than notifying Chairman Hill of his inability to meet the September 11 submission deadline prior to or even on that date, the Attorney waited until four days *after* the Beemers' submissions were due before telephoning Chairman Hill and telling him that the submission was near completion. On October 13, 1995, Chairman Hill sent a letter asking the Attorney to let him know when to expect the Beemers' completed submission. At the time he received this letter, the Attorney already knew of his second associate's departure, yet the Attorney failed to respond to the chairman's letter and did not ask for an extension. The Attorney finally filed the submission five days after the 180–day time limit within which the panel was to have rendered an opinion.

In view of the aforementioned conduct of the Attorney, I believe the trial court was within its discretion when it dismissed the Beemers' malpractice action. I cannot say 1) that there was no evidence supporting the trial court's decision; 2) that the Beemers demonstrated why the trial court should have been *required* to rule differently as a matter of law; or 3) that the trial court's decision was against the logic and effect of the facts and circumstances before it. Furthermore, neither Chairman Hill nor Dr. Elskens should have been required to continually prod the Beemers to make their submission. As the parties who brought the suit, the Beemers should have had an inherent interest in reaching a result in their case, not in causing delays. Instead of acquiescing to delays in our legal system, we should be fighting them.

For the foregoing reasons, I would affirm.

---

**4.** In support of his argument that dismissal was an appropriate remedy, Dr. Elskens directs our attention to *Jones, Blackden* and *Ground,* in which this Court affirmed the dismissal of the proposed complaints. However, these cases are clearly distinguishable as in each the plaintiff failed to reply to repeated requests for submission of evidence.