FILED

Jan 31 2018, 10:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Robert Owen Vegeler
Vegeler Law Office LLC
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Melinda R. Shapiro
Philip J. List
SmithAmundsen LLC
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

Estate of Carrie Etta Mills
McGoffney,

*Appellant-Respondent*,

v.

Anonymous Skilled Nursing
Facility,

*Appellee-Petitioner*.

January 31, 2018

Court of Appeals Case No.
49A02-1707-MI-1657

Appeal from the Marion Superior
Court

The Honorable James A. Joven,
Judge

Trial Court Cause No.
49D13-1608-MI-28094

**Brown, Judge.**

[1] The Estate of Carrie Etta Mills McGoffney (the "Estate") appeals the trial court's order denying the Estate's motion to correct errors and affirming its prior dismissal of the Estate's Second Amended Proposed Complaint, in favor of Anonymous Skilled Nursing Facility (the "Facility"). The Estate raises one issue which we restate as whether the trial court abused its discretion. We affirm.

*Facts and Procedural History*

[2] On December 22, 2010, Carrie Etta McGoffney, by her daughter, Kelly McGoffney ("McGoffney"), filed a Proposed Complaint with the Indiana Department of Insurance ("IDOI") alleging medical malpractice by the Facility from September 30, 2008, through June 30, 2009. On August 5, 2015, the Estate, by counsel, filed its Second Amended Proposed Complaint. On September 4, 2015, the Facility sent a letter to Sally Zweig requesting her services as Chairperson of the Medical Review Panel (the "Panel"), which Zweig agreed to and initiated efforts to establish the Panel.[1]

---

[1] Ind. Code § 34-18-10-3 governs the members, powers, and duties of the Panel, and provides:

> (a) A medical review panel consists of one (1) attorney and three (3) health care providers.
>
> (b) The attorney member of the medical review panel shall act as chairman of the panel and in an advisory capacity but may not vote.
>
> (c) The chairman of the medical review panel shall expedite the selection of the other panel members, convene the panel, and expedite the panel's review of the proposed complaint. The chairman may establish a reasonable schedule for submission of evidence to the medical review panel but must allow sufficient time for the parties to make full and adequate presentation of related facts and authorities.

[3] Following months of correspondence regarding the Panel formation, McGoffney sent Zweig an e-mail on April 13, 2016 concerning obtaining new counsel and also stating:

> Sally, I'm the one that suggested for you to serve on my panels and I could've selected any chairperson.
>
> I don't appreciate you suggesting for my attorney to contact everyone as if you don't want to communicate with me.
>
> Of course my attorney would enter their appearance and contact everyone and if they haven't obviously there isn't one at the moment.
>
> I'm getting tired of the comments in your letters as well.
>
> I'm not even going to go there with an opinion from someone else that isn't certified. It would be of no value.

Appellee's Appendix Volume 2 at 84. In response to the May 24, 2016 nomination of Dr. Naeem Z. Malik to the Panel, McGoffney sent an e-mail message striking him. She also struck the June 16, 2016 nomination of Dr. Michael J. Baker. In a June 30, 2016 letter concerning the seating of either Dr. Malik or Dr. Baker to the Panel, Zweig explained:

> Given that Dr. Malik was not struck for reason of conflict, if Ms. McGoffney would feel more comfortable with seating him in place of Dr. Baker and if [the Facility] is in agreement, we can seat Dr. Malik as the third member to this panel.
>
> If Ms. McGoffney or [the Facility] are not in agreement to seat Dr. Malik, I will notify Dr. Baker that he has been selected to serve and will gladly confer with him to confirm that he is an

appropriate panelist to review this case, providing details about
the claim at that time.

*Id.* at 109. McGoffney responded on July 5, 2016 in an e-mail stating that she disagreed with Zweig's letter, that Zweig's "suggestions for the panel nominees have been horrible," and that, had McGoffney known that Zweig was "going to nominate the ones that you did, I would've never suggested that you be panel chair." *Id.* at 111.

[4] By July 19, 2016, only two health care providers, Drs. Daniel M. Gelfman and Anne K. Knox, had been seated as Panel members, despite those members' attempts to name a third panelist pursuant to the statutory requirement[2] and Zweig's efforts as Chairperson to "follow the applicable statute" and to "keep the process moving for all concerned." *Id.* at 115-116. On July 21, 2016, McGoffney sent Zweig a message stating that she "was thinking that if you would scrap all of the current nominees and nominate or comprise a striking panel of physicians from I.U. Methodist, University Hospital, I.U. West and I.U. Carmel . . . , then I would strike and be satisfied with those nominees." *Id.* at 123. On July 25, 2016, McGoffney sent another e-mail addressed to the Facility's counsel, in which she stated that "[q]uite frankly, the Vigo County trial court is sick and tired of the frivolous motions that your partner has filed in

---

[2] Ind. Code § 34-18-10-6 governs the selection of members by parties, and provides that "each party to the action has the right to select one (1) health care provider, and upon selection, the two (2) health care providers thus selected shall select the third panelist." To satisfy this requirement, Drs. Gelfman and Knox named Dr. Malik on May 24, 2016, and alternatively Dr. Baker on June 16, 2016.

the past," that she was "going to report [counsel for the Facility] to the Disciplinary Comission, if they continue filing frivoulous motions, trying to delay the process," and that "[w]e are almost finished, but I'm willing to start the process over since it wasn't performed correctly to begin with." *Id.* at 126. On August 3, 2016, Zweig resigned as Chairperson of the Panel in a letter addressed to both McGoffney and the Facility, pursuant to "McGoffney's request that I recuse myself from service as panel chair in all her claims" and "expressed concerns about my neutrality." *Id.* at 139.

[5] On August 8, 2016, the Facility filed a Motion for Preliminary Determination of Law pursuant to Ind. Code §§ 34-18-11-1, -2 and Ind. Code § 34-18-10-14, requesting that the trial court issue an order sanctioning McGoffney for failing to act as required by Chapter 10 of the Indiana Medical Malpractice Act (the "Act"). In support of its motion, the Facility submitted approximately forty exhibits chronicling the Panel selection process and highlighting McGoffney's conduct and interactions with Zweig and counsel for the Facility during that time period. On October 19, 2016, the trial court held a hearing on the motion with McGoffney present and, on November 21, 2016, issued its order, stating:

> 1. The Court finds that it is undisputed that McGoffney's behavior, as outlined in [the Facility's] *Motion for Preliminary Determination of Law*, prior to and during the formation of the Medical Review Panel in this matter has been unreasonable and inappropriate, and it has resulted in unnecessary delays in forming the Medical Review Panel and in the previous Panel Chairperson's resignation in this matter.

2.  As such, as a sanction, the Court ORDERS [the Estate] to pay attorney's fees and costs to the Petitioner for the fees and costs incurred by [the Facility] in connection with researching, drafting, and submitting [the Facility's] *Motion for Preliminary Determination of Law* and in connection with preparing and appearing for the hearing on [the Facility's] *Motion for Preliminary Determination of Law*. The Court further ORDERS counsel for [the Facility] to file a Supplemental Motion for Attorney's Fees and Costs, and Proposed Order, for purposes of assisting the Court with determining the appropriate amount that [the Estate] shall pay as a sanction, which will be outlined in a separate Order from this Court.

3.  The Court ORDERS the Parties to agree upon a new Panel Chair for the Medical Review Panel within 14 days of the execution of this Order. Once the parties have selected a new Panel Chair, the Panel Chair will confirm that the two previously selected voting members of the Panel, Drs. Gelfman and Knox, remain on the Medical Review Panel, unless they notify the new Panel Chair of a conflict. The new Panel Chair will also notify the previously nominated third voting member of the Medical Review Panel, Michael J. Baker, DPM, CWS, of his selection as the final member of the Medical Review Panel.

4.  The parties are to comply with the instructions and directions of the new Panel Chair so as not to cause further delay in this matter. The failure to do so may result in additional sanctions including dismissal of [the Estate's] Second Amended Proposed Complaint.

5.  Finally, if [the Estate] engages in inappropriate behavior that is similar to what is outlined in the Petitioner's *Motion for Preliminary Determination of Law*, at any point after the execution of this ORDER, or if [the Estate] fails to pay the award of attorney's fees and costs, [the Estate] will be subject to additional sanctions including dismissal of her Second Amended Proposed Complaint.

Appellant's Amended Appendix Volume 2 at 22-23.  On December 20, 2016, the trial court ordered the Estate to pay $3,282 to the Facility as a sanction within sixty days.

[6]     Pursuant to the trial court's order, counsel for the Facility sent an e-mail message to the Estate's counsel on November 22, 2016, inquiring into whether her client was agreeable to Neil Bemenderfer serving as the Panel Chairman, an individual whom McGoffney had personally suggested to the Facility's counsel on both July 29, 2015, and September 7, 2016.  On December 5, 2016, the Estate's counsel confirmed that her client agreed to Bemenderfer as the Panel Chairman, and the Facility's counsel sent a request to Bemenderfer and enclosed a copy of the November 21, 2016 order.  Bemenderfer's response to the parties, sent on December 8, 2016, stated that he would "certify the Panel as formed and notify Michael J. Baker, DPM, CWS of his selection in the near future."  Appellee's Appendix Volume 3 at 31.  On December 21, 2016, Bemenderfer sent correspondence to the parties, which stated the Panel "would be considered formed as of December 21, 2016," listed the names and addresses of Drs. Gelfman, Knox, and Baker, and furnished a schedule for the submission of evidence that required the Estate's submission by February 6, 2017.  *Id.* at 33.

[7]     On January 3, 2017, McGoffney sent an e-mail to counsel for the Facility to share that her counsel, Coralette Waite, would no longer represent the Estate.  On January 4, 2017, McGoffney wrote another e-mail to Facility's counsel and Attorney Waite titled "Cease and desist communication with Coralette and Neil," and stated that she "never authorized Neil Bemenderfer to be the chair,"

that she was going to "schedule another hearing," that Attorney Waite was "going to be sued for malpractice" and McGoffney was "reporting her to the Disciplinary Commission," and that counsel was to cease all communication with Attorney Waite because McGoffney "never authorized anthing that she has done or said." *Id.* at 38. On January 5, 2017, McGoffney sent another e-mail to counsel for the Facility and Attorney Waite, titled "Court 13 hasn't received your withdrawal" and stated that she "never authorized you to select Mr. Bemenderfer as the new successor chair." *Id.* at 40. Attorney Waite filed a motion for immediate withdrawal as counsel on January 6, 2017.

[8] On January 9, 2017, McGoffney sent an e-mail that included Bemenderfer as a recipient, was signed "Kelly McGoffney Personal Rep. of the Estate of Carrie Etta Mills-McGoffney," and which stated in part:

> How in the world can the estate submit evidence without depositions and discovery not having been taken?
>
> Coralette Waite is being reported to the Disciplinary Commission for engaging in legal malpractice and had no business agreeing to the panel members.
>
> Dr. Gelfman and Dr. Baker were not supposed to be on the panel.
>
> Please apprise me about what has transpired.
>
> Stop the process right now.

*Id.* at 49. On the same day, McGoffney sent a letter to the trial court, which stated in relevant part:

The personal representative just wanted to apprise the Court, that the rep. had no intentions of changing counsel until attorney Waite engaged in legal malpractice. Attorney Waite is counsel for other matters and just engaged in an act[] that can't be ignored or dismissed.

The [E]state doesn't want to communicate with the Court ex parte, so opposing counsel will be faxed a copy. . . .

The personal rep. of the estate will be filing an appearance after the ten day notice expires and requesting a hearing as well as completing the panel formation. The rep. will confer with opposing counsel to select a successor chair.

The rep. has actually advanced this case further than any attorney or the opposing counsel and that wasn't shared during the last hearing.

The [E]state appreciates the recent ruling as it was very fair.

*Id.* at 59.

[9] On January 10, 2017, McGoffney sent an e-mail addressed to Bemenderfer and counsel for the Facility, which stated "[p]lease don't exclude me from the process as I'm the one that suggested your name in addition Waite for her to select from, then get the okay from the personal rep," that "[t]his wasn't done and I'm shocked to find out that you have been selected and the two nominees that weren't supposed to be on the panel[] are now on there," that "Corralette Waite will be sued for this action," that "I will allow you until Friday to contact me by email or hone [sic]," and that "I tried calling your office and the lines were busy. I've never seen anything like it." *Id.* at 53. On January 13, 2017, McGoffney again wrote Bemenderfer a message that stated in part:

Thanks for responding. You didn't have to apprise me about you being the second chair as I'm the one that asked the former one to recuse herself.

That[] former chair just sent an email stating that she was waiting on the new successor to contact her, which she stated hasn't been done.

Also, there is an order dated 12-20-16 that was issued and my former counsel never shared with me.

I have a choice of my specialty and my nomination and Dr. Gelfman wasn't my nomination. . . .

I never apprised Ms. Waite to go along with this and as a matter of fact, I told her to do the opposite. That's why I just reported her to the Disciplinary Commission and she might be sued.

[Counsel for the Facility is] going to be reported as well for continuing to file frivolous motions and trying to control who the nominees are.

I'm sorry that we are getting the process off to a bad start as I wanted a new striking panel for my nomination and will ask the judge to order this.

*Id.* at 57.

[10]     On January 24, 2017, the Facility filed its Motion for Preliminary Determination of Law – Motion to Dismiss that requested the court to dismiss the Second Amended Proposed Complaint for failing to act as required by Chapter 10 of the Act and for violating the court's November 21, 2016 order. The court conducted a hearing on the Facility's motion on April 25, 2017, and issued an order on May 1, 2017 which dismissed the Estate's Second Amended Proposed Complaint and found that McGoffney was in violation of paragraphs

two through five in its November 21, 2016 order by not paying the Facility's attorney fees and continuing to unnecessarily delay formation of the Panel and threaten counsel. The order also found:

> 4. McGoffney was present in the courtroom, during the October 19, 2016 hearing on [the Facility's] August 8, 2016 Motion for Preliminary Determination of Law, when this Court indicated that it would be ordering sanctions against her and admonished her in open Court. Thus, attempts by McGoffney to blame [Attorney Waite] and to feign ignorance about this Court's November 21, 2016 Order are not well-taken.
>
> 5. McGoffney has failed to act as required by Chapter 10 of Title 34, Article 18 a/k/a the Indiana Medical Malpractice Act. Not only has [her] behavior been dilatory and disobedient, but it has been intentional and contumacious.
>
> 6. McGoffney has failed to show good cause for her inappropriate behavior, which is well-documented in the evidence before this Court.

*Id.* at 91-92. The Estate later filed a motion to correct error, which the trial court denied.

## *Discussion*

[11] The issue is whether the trial court abused its discretion or erred in dismissing the Estate's Second Amended Proposed Complaint. The Estate argues that the trial court should have focused only on and taken evidence with respect to the period of November 22, 2016 through January 23, 2017, or the period between the trial court's ruling on the Facility's first motion for preliminary determination of law and the Facility's filing of its second motion for prelimary

determination of law, because, as the Estate appears to contend, a proper reading of Ind. Code § 34-18-11-4 "requires there be no material action taken and no pleadings filed, etc., having impact upon the progress and status of the pending proposed complaint before the Indiana Department of Insurance." Appellant's Amended Brief at 16. The Estate also contends that, during the aforementioned period, it did not interfere or slow down the processing and the workings of the Panel Chair appointment; that any stay of proceedings of the Panel from January 24, 2017 until May 1, 2017, resulting from the second motion for preliminary determination of law is attributable to the Facility; and that the chronology of various exhibits attached to the second motion does not exhibit a direct or indirect intereference with the Panel or its members and does not violate the third and fourth paragraphs of the November 21, 2016 order. It further asserts that a preliminary determination of law presented in the form of a summary judgment is governed by the rules of admissibility of evidence and there was no admissible evidence in the record and that McGoffney had never seen the November 21, 2016 order as of the April 25, 2017 hearing nor had counsel provided it to her.

[12] The Facility argues that the trial court's May 1, 2017 dismissal was logical, supported by an overwhelming abundance of evidence, and an appropriate and reasonable exercise of its inherent authority. Specifically, it contends that the November 21, 2016 order required that McGoffney act with civility towards opposing counsel, her own counsel, and the Panel Chairperson and to move forward with the Medical Review Panel process and that, instead of complying

with the order, McGoffney ignored it and continued her reprehensible and dilatory conduct, which effectively undermined establishment of the Medical Review Panel again.

[13] Both parties assert that we review this case for an abuse of discretion and we generally review a trial court's order on a motion to dismiss for an abuse of discretion. *Baker Mach., Inc. v. Superior Canopy Corp.*, 883 N.E.2d 818, 821 (Ind. Ct. App. 2008) (reviewing a motion to dismiss under Trial Rule 41(E) for an abuse of discretion), *trans. denied*; *Shelton v. Wick*, 715 N.E.2d 890, 893 (Ind. Ct. App. 1999) (reviewing a motion to dismiss under Trial Rule 12 for abuse of discretion), *trans. denied*. We will find an abuse of discretion if the trial court's decision is "clearly against the logic and effect of the facts and circumstances before the court, or where the trial court has misinterpreted the law." *Shelton*, 715 N.E.2d at 893.

[14] To the extent that we view the Facility's January 24, 2017 motion as a motion for summary judgment due to the attachment of exhibits, we review the grant or denial of summary judgment on a motion for preliminary determination as subject to the same standard of review as any other summary judgment ruling. *Dermatology Associates, P.C. v. White*, 67 N.E.3d 1173, 1176 (Ind. Ct. App. 2017) (citing *Jeffrey v. Methodist Hosps.*, 956 N.E.2d 151, 154 (Ind. Ct. App. 2011)).

> When reviewing the grant or denial of summary judgment, we apply the same standard as the trial court. Summary judgment is proper only when the designated evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. All facts and reasonable inferences

therefrom are construed in a light most favorable to the nonmovant. . . . Any doubts as to the existence of a material issue are resolved in favor of the nonmovant.

*Anonymous Physician v. Wininger*, 998 N.E.2d 749, 751 (Ind. Ct. App. 2013) (citations omitted).

[15] Ind. Code § 34-18-10-14 governs sanctions for failure to act as required by the code's Medical Review Panel chapter, and provides that a "party, attorney, or panelist who fails to act as required by this chapter without good cause shown is subject to mandate or appropriate sanctions upon application to the court designated in the proposed complaint as having jurisdiction." In *Ramsey v. Moore*, the Indiana Supreme Court provided "a brief background" of the provisions of the Act relevant to this appeal:

> When a plaintiff fails to adhere to the submission schedule, a defendant may seek recourse in a trial court while a complaint is pending before a medical review panel. In these instances, two additional provisions of the [Act] become pertinent. *See Galindo v. Christensen*, 569 N.E.2d 702, 704-05 (Ind. Ct. App. 1991). First, a defendant may request the appropriate trial court to "preliminarily determine an . . . issue of law or fact." I.C. § 34-18-11-1(a)(1). Second, a plaintiff "who fails to act as required by this chapter without good cause shown is subject to mandate or appropriate sanctions upon application to" the trial court. *Id.* § 34-18-10-14.
>
> Thus, a defendant may file a motion with the trial court for a preliminary determination on the plaintiff's failure to adhere to the submission schedule, and the defendant may request the sanction of dismissal. *See Galindo*, 569 N.E.2d at 705. The court may dismiss the complaint pending before the medical review

panel if the plaintiff fails to show good cause for not adhering to the submission deadline. *See Beemer v. Elskens*, 677 N.E.2d 1117, 1119 (Ind. Ct. App. 1997), *trans. denied*.

959 N.E.2d 246, 250 (Ind. 2012). In exercising discretion as to what sanctions should be imposed when a party fails to comply with the Act, the trial court should consider whether the breach of duty was intentional or contumacious and whether prejudice resulted. *Mooney v. Anonymous M.D. 4*, 991 N.E.2d 565, 576 (Ind. Ct. App. 2013) (citing *Rivers v. Methodist Hosp., Inc.*, 654 N.E.2d 811, 815 (Ind. Ct. App. 1995)), *trans. denied*.

[16] Our review of the record reveals that following the court's November 21, 2016 order, McGoffney's conduct paralleled her previous attempts to delay the establishment of the Panel. After Bemenderfer assumed his position as the Panel Chairperson on December 8, 2016, and re-established the Panel as he had been directed, McGoffney dismissed her counsel, disregarded the evidence submission schedule, threatened to schedule another hearing, and corresponded with the court to assert that she was seeking to confer "with opposing counsel to select a successor chair." Appellee's Appendix Volume 3 at 59. Likewise, after dismissing Attorney Waite, she addressed and directed the Panel Chairperson to "[s]top the process right now," and, in various ways and across several messages to Bemenderfer and counsel for the Facility, asserted that she never authorized him to be the Panel Chairperson, that Drs. Gelfman and Baker were not supposed to be on the panel, that she was seeking to report the Facility's counsel to the Disciplinary Commission for "continuing to file

frivolous motions and trying to control who the nominees [to the Panel] are," and that she had reported and was considering suing Attorney Waite. *Id.* at 49, 57.

[17]    Given McGoffney's behavior, the Facility requested an appropriate sanction in filing its second motion for preliminary determination of law and asking the trial court to dismiss the Second Amended Proposed Complaint. *See Galindo*, 569 N.E.2d at 705-706. Based on these circumstances where, six years after the original 2010 IDOI filing, the Panel had yet to be formed and McGoffney persisted in prolonging its formation in disregard of the trial court's clear directives otherwise, both at the October 19, 2016 hearing and in the November 21, 2016 order, we cannot say that the trial court erred or abused its discretion by determining in its May 1, 2017 order that McGoffney's conduct was not only "dilatory and disobedient, but . . . intentional and contumacious." Appellant's Amended Appendix Volume 2 at 22-23, 90-92. *See Reck v. Knight*, 993 N.E.2d 627, 634 (Ind. Ct. App. 2013) (holding that "the trial court acted within its discretion in dismissing Reck's proposed complaint with prejudice" in light of its conclusion "that Reck failed to demonstrate good cause for her failure to timely file her evidentiary submissions"), *trans. denied*.

## *Conclusion*

[18]    For the foregoing reasons, we affirm the trial court's denial of the Estate's motion to correct errors and dismissal of the Estate's Second Amended Proposed Complaint.

Affirmed.

Baker, J., and Riley, J., concur.