Leonard C. JONES, Appellant/Plaintiff
below,

v.

Antolio G. WASSERMAN, M.D.,
Appellee/Defendant below.

No. 49A04–9502–CV–51.

Court of Appeals of Indiana.

Oct. 31, 1995.

Transfer Denied March 21, 1996.

Roger A. Weitgenant, Blachly, Tabor, Bo-
zik & Hartman, Valparaiso, for appellant.

Michael L. Carter, Roger K. Kanne, Zeig-
ler Carter Cohen & Koch, Indianapolis, for
appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Leonard C. Jones appeals the dismissal of
his proposed medical malpractice complaint
before the Indiana Department of Insurance.
We affirm.

### ISSUE

Whether the trial court abused its discre-
tion in dismissing the proposed medical
malpractice complaint against Dr. Wasser-
man.

### FACTS

On October 26, 1992, Jones filed a pro-
posed complaint with the Indiana Depart-
ment of Insurance in accordance with the
Indiana Malpractice Act, Ind.Code 27–12–8–1
*et seq.* The complaint alleged that Dr. Anto-
lio G. Wasserman was negligent in treating
Jones for injuries sustained in a work-related
accident on October 27, 1990.

On April 4, 1994, the formation of a medi-
cal review panel was completed. On that
date, the panel chairman notified the parties
that Jones' evidence should be submitted to
the panel by June 3, 1994, with evidence from
Dr. Wasserman due July 1, 1994 and the
panel opinion being "due on or before Octo-
ber 3, 1994." (R. 10). This schedule was set

in order for the panel to render an expert opinion within the 180 day time limit set by I.C. 27–12–10–13(a). On July 19, 1994, the chairman wrote to Jones' counsel indicating the panel had not received Jones' submission and had heard no explanation regarding the failure to comply with the deadline. The chairman set a new deadline for receipt of Jones' evidence: August 5, 1995; Dr. Wasserman would then have until September 2, 1994, to submit his evidence. The review panel never received an evidentiary submission from Jones; nor did the panel receive any communication from Jones explaining his inability to comply with either deadline or seeking an extension.

On September 2, 1994, Dr. Wasserman filed a motion for preliminary determination of law requesting the dismissal of Jones' proposed complaint with prejudice. The motion alleged that Jones had prevented the panel from complying with the provision of the Medical Malpractice Act which requires a panel to render its opinion within 180 days of panel formation. After a hearing, the trial court ordered Jones' complaint dismissed.

*DECISION*

Jones contends the trial court abused its discretion by dismissing the complaint. As authority, he refers us to *Associates Financial Serv., Etc. v. Knapp* (1981), Ind.App., 422 N.E.2d 1261, and *Breedlove v. Breedlove* (1981), Ind.App., 421 N.E.2d 739. As Dr. Wasserman responds, neither case involves a medical malpractice matter governed by the procedural requirements of I.C. 27–12–10–13(a), but rather both involve discovery disputes.

According to the record, a trilogy of authority was presented to the trial court describing the ability of the court to dismiss a malpractice complaint for failure to submit evidence as directed by the review panel. In the first case, *Galindo v. Christensen* (1991), Ind.App., 569 N.E.2d 702, Judge Shields addressed a challenge to the court's discretion to dismiss on these grounds.

... the [Medical Malpractice] Act specifically provides the trial court has the au-

thority to impose appropriate sanctions upon a party who fails to act as required by the Act without good cause shown.

The Act authorizes the panel chair to establish a reasonable schedule for submission of evidence to the medical review panel, ... and, in addition, mandates the panel to render its opinion within 180 days of the selection of the complete panel. Implicit in these provisions is the corresponding duty upon the parties to comply with the schedule, if one is set by the chair, and upon the parties and the panel to comply with the 180 day limit; an available remedy for any breach is court-ordered sanctions.

Necessarily, the initial burden falls upon the party submitting the proposed complaint. Without evidence from the complainant in support of the proposed complaint the review panel is unable to "express its expert opinion as to whether or not the evidence supports the conclusion that the defendant or defendants acted or failed to act within the appropriate standards of care as charged in the complaint." Only when the complainant's evidence is submitted is the defendant in the proposed complaint compelled to come forward with evidence in response to the complainant's complaint....

Further, dismissal is a sanction which the trial court has the inherent authority to order in its discretion.

*Id.* at 705–706 (statutory citations omitted). Before imposing the dismissal sanction, however, a hearing is required in order "that the party against whom sanctions are sought specifically is permitted the opportunity to show good cause for the party's failure to act in accordance with the party's duty." *Id.* at 706.

In the second case, *Ground v. Methodist Hosp. of Indiana* (1992), Ind.App., 576 N.E.2d 611, *trans. denied,* we noted that the provision now at I.C. 27–12–10–14[1] "is an administrative parallel to Trial Rule 41(E)— it affords relief when a party or panel mem-

---

**1.** I.C. 27–12–10–14 provides:

A party, attorney, or panelist who fails to act as required by this chapter without good cause shown is subject to mandate or appropriate

sanctions upon application to the court designated in the proposed complaint as having jurisdiction.

ber is dilatory or fails to comply" with the requirements of the Malpractice Act. We affirmed the trial court's dismissal for failure to submit evidence to the panel in order that the panel could render its decision within the 180 day time limit set by statute.

The third case cited to the trial court is *Blackden v. Kaufman* (1993), Ind.App., 611 N.E.2d 663, *trans. denied*, wherein we also affirmed the trial court's dismissal with prejudice for failure to timely file a medical submission with the medical review panel. As does Jones, the Blackdens argued that dismissal was an inappropriate sanction in their case. We referred to both *Galindo* and *Ground* as holding dismissal to be an appropriate sanction and imposition of the sanction being "entrusted to the sound discretion of the trial court." *Id.* at 666. Further, we observed that once the trial court had held a hearing and determined to impose the sanction of dismissal "for noncompliance with reasonable procedural requirements, it is incumbent upon the plaintiff to demonstrate why the trial court should have been required to rule differently as a matter of law." *Id.*

■ We conclude, as we did in *Blackden*, that Jones has merely put forth his view of the facts [2] but has not demonstrated abuse. Because dismissal was a remedy which was within the trial court's authority, the trial court did not abuse its discretion in employing this remedy for Jones' failure to comply with the evidentiary schedule set up by the medical review panel.

We affirm.

ROBERTSON, J., concurs.

RILEY, J., dissents with separate opinion.

RILEY, Judge, dissenting.

I respectfully dissent. In *Johnson v. St. Vincent Hospital, Inc.* (1980), Ind., 404 N.E.2d 585, the supreme court upheld the constitutionality of the Indiana Malpractice Act. In so doing, the court discussed the function of the medical review panel and said:

> The statute contemplates that the panel will function in an informal and reasonable manner. It is guided by a trained lawyer who presumptively will not deny to each party a reasonable opportunity to present its evidence and authorities. The scope of the panel's function is limited. It does not conduct a hearing or a trial and does not render a decision or judgment. There is, therefore, no reason to mandate that the statute relegate burdens of proof or production and to otherwise specify procedures applicable in hearings and trials. The panel is conducting a rational inquiry into the extent and source of the patient's injuries for the purpose of forming its expert opinion. The absence from the statute of specific procedures is reasonable in light of this limited purpose and function and does not raise a serious constitutional question on the ground of vagueness or indefiniteness.

404 N.E.2d at 596.

I.C. 27–12–10–3 provides that "(T)he chairman [of the medical review panel] may establish a reasonable schedule for submission of evidence to the medical review panel *but must allow sufficient time for the parties to make full and adequate presentation of related facts and authorities.*" It is I.C. 27–12–10–13 that sets the time limit for opinions and under section (b) "(I)f the panel has not given an opinion within the time allowed under subsection (a) [180 days], the panel shall submit a report to the commissioner, stating the reasons for delay." Therefore, the panel would have the option of allowing more time for the plaintiff to submit evidence before the defendant doctor intervenes by a motion for preliminary determination. It certainly is not mandatory for the panel to render its opinion within the 180 day time limit.

---

2. Jones' counsel averred in his response to the motion for preliminary determination that: 1) he had not scheduled a deposition with Jones' treating physician until after the deadline for his evidentiary submission had passed, and 2) not until he had received a copy of the treating physician's deposition "did he realize that the Plaintiff's own treating physician had rendered an opinion that Dr. Wasserman had not committed malpractice." (R. 46). Thus, on September 29, 1994, when he filed the response, counsel was still "diligently seeking to employ expert witnesses." (R. 47).

The trial court could well have concluded that either investigation before filing the complaint or investigatory efforts during the subsequent twenty-one months could have averted this dilemma.

The majority cites *Ground v. Methodist Hosp. of Indiana* (1992), Ind.App., 576 N.E.2d 611, which says that I.C. 27–12–10–14[3] "is an administrative parallel to Trial Rule 41(E)—it affords relief when a party or panel member is dilatory or fails to comply" with the requirements of the Malpractice Act. The evidence in this case shows that the plaintiff was not "dilatory" but had made a showing of good cause as to why dismissal was not appropriate or proper. Dismissal of plaintiff's complaint does not seem like a parallel remedy to dismissing a panel member for not making his or her decision within 180 days.

The statute then limits the trial court to intervene for the purpose of making a preliminary determination to two functions: (1) the court can preliminarily determine either affirmative defenses or issues of law or fact; or (2) it may compel discovery in accordance with Indiana Trial Rules of Procedure. Dismissal, then, is a sanction which the trial court has the inherent authority to order in its discretion. *Galindo v. Christensen* (1991), Ind.App., 569 N.E.2d 702, 706 holds that:

> As in the violation of a discovery order, appropriate considerations for the trial court in exercising its discretion as to the appropriate sanction is whether the breach of duty was intentional or contumacious and whether prejudice resulted.

*Galindo* instructs us that prior to imposing sanctions a hearing must be held on the question of the *propriety* of a sanction as well as the *appropriate* sanction.

There is no evidence in the record in support of the moving party's burden of establishing the propriety of the sanction as well as the appropriate sanction. There is no evidence that the failure of the plaintiff to timely submit its evidence prejudiced the defendant doctor in any way.

Justice Krahulik wrote in the case of *Griffith v. Jones* (1992), Ind., 602 N.E.2d 107, 110, as follows:

> In view of the fact that the legislature clearly intended for the medical review panel to function in an informal manner in

rendering its expert medical opinion, we believe that the legislature did not simultaneously intend to empower trial courts to dictate to the medical review panel concerning either the content of the panel's opinion or the manner in which the panel arrives at is opinion, or the matters that the panel may consider in arriving at its opinion. In other words, the grant of power to the trial court to preliminarily determine matters is to be *narrowly construed.* (emphasis added).

I would set aside the dismissal of plaintiff's complaint as an abuse of the trial court's authority because the record was devoid of evidence that dismissal was an appropriate sanction, there was inadequate evidence that the breach of duty was intentional, and there was no evidence of prejudice to the defendant doctor.

---

3. A party, attorney, or panelist who fails to act as required by this chapter without good cause shown is subject to mandate or appropriate sanc-

tions upon application to the court designated in the proposed complaint as having jurisdiction.