George RAMBO, Appellant–Plaintiff,

v.

Robert BEGLEY, M.D., Appellee–Defendant.

No. 29A02–0303–CV–181.

Court of Appeals of Indiana.

Sept. 24, 2003.

---

Michael J. Woody, Vernon J. Petri & Associates, Indianapolis, IN, Attorney for Appellant.

Michael D. Conner, Spitzer Herriman Stephenson, Holderead Musser & Conner, LLP, Marion, IN, Attorney for Appellee.

## OPINION

DARDEN, Judge.

### *STATEMENT OF THE CASE*

George Rambo brings this appeal from the trial court's order dismissing his proposed complaint for medical malpractice against Robert Begley, M.D., based upon Rambo's failure to timely file his evidentiary submission to the Medical Review Board.

We affirm.

### *ISSUE*

Whether the trial court abused its discretion by dismissing Rambo's complaint.

### *FACTS*

Rambo commenced his action with the Indiana Department of Insurance on January 2, 1998 [1] by filing a proposed complaint for medical malpractice asserting Dr. Beg-

1. The parties agree on the date; however, the date of filing is not reflected in the Appendices.

ley's failure to timely diagnose his late wife's brain tumor.

The parties then engaged in partial discovery. On March 13, 1998, counsel for Dr. Begley offered dates to schedule a deposition of Dr. Begley. On March 4, 1999, Rambo answered a first set of interrogatories propounded by Dr. Begley. Then, on March 23, 1999, counsel for Dr. Begley sent counsel for Rambo a request for production of all audio-taped recordings secretly made by Rambo, for complete responses to Dr. Begley's interrogatories, and for the releases that were supposed to be attached to Rambo's responses to Dr. Begley's interrogatories. (App.146).

On December 16, 1999, counsel for Rambo sent Rambo's "Combined Interrogatories and Motion to Produce" to counsel for Dr. Begley. On March 8, 2000, counsel for Rambo sent a letter to counsel for Dr. Begley inquiring about the status of the interrogatories he had propounded on December 16, 1999. Although counsel for Dr. Begley indicated that the responses might be finished within 30 days, the responses were not forthcoming until April 2002.

On July 6, 2001, more than three years after Rambo's initial filing of the proposed complaint, the chairman of the medical review panel for the complaint sent a letter to counsel for both parties stating that the medical review panel was in place, providing the names of the panelists, setting a proposed schedule for submissions of evidence by the parties, and noting "[t]he effective date of the last selection was July 5, 2001 and, therefore, the panel's opinion will be due by January 2, 2002." (App.44). The July 6, 2001 letter from the chairman set Rambo's due date for his submission of evidence as August 24, 2001.

On July 10, 2001, counsel for Dr. Begley sent a letter to counsel for Rambo that stated:

Many months ago, I requested the deposition of your client in the above matter. I again request that you furnish available, alternative dates for that purpose. I also would like to discuss with you whether you intend to use the illegally recorded transcripts as a part of your submission. If so, I intend to file a Section 11 motion requesting, among other relief, an order *in limine*. Dr. Begley reserves his rights with respect to this illegal recording.

(App.148).

In a letter to the medical review panel dated July 29, 2001, Rambo's counsel requested an extension of the time for submission of evidence to the panel because "Plaintiff's deposition is scheduled for August 6, 2001 and defendant's deposition will not take place until the second week of September." (App.142).

On August 1, 2001, the chairman sent Rambo's counsel a letter stating: "Pursuant to your letter of July 29th, plaintiff's submission will be due on October 8, 2001." (App.46). On November 5, 2001, after the time for Rambo's evidentiary submission had passed, the chairman sent a reminder letter to Rambo's counsel:

My file shows that the plaintiff's submission was due on October 8, 2001, but I have not received it. I would appreciate it if you would let me know when you expect to have the submission completed.

Please take note that the panel's opinion is due by January 2, 2002.

(App.47).

On February 19, 2002, after the time the panel's opinion was to have been rendered on January 2, 2002, Rambo's counsel sent a letter to Dr. Begley's counsel stating: "As we have discussed on the phone, I need to take Dr. Begley's deposition before I can complete the Plaintiff's submis-

sion. Please advise of an available date." (App.48).

On March 19, 2002, Dr. Begley filed his motion requesting, *inter alia*, dismissal based on Rambo's failure to prosecute his claim and, in the alternative, summary judgment. Attached to the motion was an affidavit by Dr. Begley's counsel stating that Rambo had not answered either "Dr. Begley's Request for Production of Documents directed to Plaintiff," or "Second Interrogatories of Dr. Begley addressed to Plaintiff, both of which were sent to counsel for George Rambo on the 13th day of September, 2001." (App.49). Also attached to the motion was an affidavit from the medical review panel chairman, Douglas Hill, in which he averred that the last member of the panel was selected on July 5, 2001; that the panel was required to issue its opinion by January 2, 2002; that Rambo had not, to date, tendered a submission of evidence to the panel; that he "did not receive any communication from counsel for the Plaintiff, George Rambo, from the time that [Hill] sent the letter of November 5, 2001, until [Hill] received a copy of the letter from [Rambo's counsel] to [Dr. Begley's co-counsel], dated February 19, 2002." (App.43). Further, Hill stated: "According to my records in this matter, I have never been informed that the Defendant, Robert Begley, M.D., has waived the requirement that the Panel issue its opinion within 180 days from the selection of the last member." (App.43).

On April 12, 2002, Rambo tendered his submission to the medical review panel, and to counsel for Dr. Begley. The accompanying hand-delivered letter stated:

Enclosed please find four copies of Plaintiff's Submission of Evidence to the Medical Review Panel. As you know, a preliminary determination has been filed and hearing is set for May 16, 2002. Prior to this Motion being filed I was

under the impression from [counsel for Dr. Begley] that I would be receiving dates for us to take Dr. Begley's deposition. Dr. Begley has never responded to Plaintiff's discovery that I served on December 16, 1999 (attached). He refuses to provide deposition dates.

Due to an error in our office I failed to respond to your letter of August 1, 2001. I was under the impression that [counsel for Dr. Begley] waived the 180 days and did not expect me to file plaintiff's submission before I received the outstanding discovery from Dr. Begley or at least an opportunity to depose him.

(App.141). Also, on April 12, 2002, Dr. Begley served his responses to interrogatories which had been propounded by Rambo on December 16, 1999.

On April 15, 2002, Rambo filed his response to Dr. Begley's motion to dismiss and motion for summary judgment. Rambo proffered two reasons for failing to timely file his submission to the medical review panel: 1) "Dr. Begley prevented the Plaintiff from proceeding in a timely fashion by refusing to provide responses to Plaintiff's discovery ...." served on December 16, 1999, (App.79); and 2) Dr. Begley "has refused to provide any dates for his deposition." (App.78–79).

On May 7, 2002, Dr. Begley, by counsel, filed a response and supplemental affidavits to support the motion to dismiss and motion for summary judgment. Co-counsel for Dr. Begley averred:

3. On March 13, 1998, I wrote to counsel for George Rambo, and supplied him with proposed dates for the deposition of my client....

4. After issuing the letter of March 13, 1998, counsel for George Rambo did not set the deposition of Dr. Begley, on the dates[s] supplied, and did not communicate with my office any further regarding such deposition until July 24, 2001,

at which time, to the best of my knowledge, counsel made further inquiry regarding such deposition.

5. On or shortly after the deposition of [Rambo on] August 6, 2001, my partner, ... advised me that counsel for [Rambo] had inquired about deposing [Dr. Begley] in late September of 2001. After considering certain matters revealed in [Rambo's] deposition, I decided to defer a response to this inquiry until after some additional discovery could be issued to [Rambo], including a renewed, and nearly three year old, request for the original audiotapes of the conversations between my client and [Rambo], secretly taped by [Rambo]. I received no further communication from counsel for George Rambo, concerning the deposition of Dr. Begley, until January 29, 2002. At that time, [counsel for Rambo] contacted me and renewed his request to depose Dr. Begley and asked me to supply some dates. I told him that I was not sure that I would submit my client to a deposition at that time. After this conversation, I asked my co-counsel ... to check the file for the status of the panel proceedings and the one hundred eighty-day statutory deadline for the panel to render [its] opinion. Thereafter, it was noted that the statutory deadline had passed on January 2, 2002.

(App.145).

In a May 15, 2002 affidavit, counsel for Rambo averred that:

9. On August 6, 2001 (five months prior to the 180 days expiration) I asked to depose Dr. Begley and was advised by Dr. Begley's lawyer that he would look into Dr. Begley's availability. I made several calls to Dr. Begley's lawyer's office to follow-up on my request but was ultimately not given a date. I was also not given any notice that Dr. Begley

intended to file a motion to dismiss the Proposed Complaint.

10. I was never told by Dr. Begley's lawyer that Dr. Begley refused to be deposed or that I would have to unilaterally notice his deposition. I relied on defense counsel to obtain dates from Dr. Begley as they implied so that we could set a mutually convenient date for the deposition. I could have issued a unilateral notice of deposition for Dr. Begley but I was at all times led to believe that that would not be necessary.

11. On September 21, 2001 I received additional discovery requests directed to George Rambo. As of this date Dr. Begley had failed to provide any discovery responses while George Rambo had answered Interrogatories, provided authorizations to obtain medical records and given his deposition.

12. On January 2, 2002 the 180–day statutory deadline for the Plaintiff's Submission of Evidence to the Medical Review Panel expired and I had still never received Dr. Begley's re[s]ponses to the Plaintiff's discovery requests or been provided with dates to take Dr. Begley's deposition pursuant to my request on August 6, 2001.

13. On March 15, 2002, despite having failed to respond to Plaintiffs' discovery, Defendant filed his Motion for Preliminary Determination of Law and asked the Court to dismiss Plaintiff's Proposed complaint for failure to comply with the 180–day deadline.

14. On April 15, 2002 Plaintiff filed his Medical Review Panel Submission (without the benefit of Dr. Begley's discovery responses) with the Court and provided copies to the Medical Review Panel Chairman and Dr. Begley's counsel.

15. On April 15, 2002, upon returning to my office from Anderson, Indiana, I received Dr. Begley's unsigned discov-

ery responses in the mail. These responses are both incomplete and evasive but they demonstrate material issues for the consideration of the medical review panel. . . .

16. I have found no Indiana case where a Proposed Complaint was dismissed by the trial court where, as in the instant case, the defendant failed to respond to the plaintiff's reasonable discovery requests and contributed to the delay. This includes the cases cited by the Defendant, namely: *Gleason v. Bush*, 689 N.E.2d 480 (Ind.Ct.App.1997); *Galindo v. Christensen*, 569 N.E.2d 702 (Ind.Ct.App.1991).

17. In the instant case, Dr. Begley's failure to respond to Plaintiff's discovery in timely manner, including during the 180 day period for the panel to render its opinion, precluded the Plaintiff from timely completing Plaintiffs' Submission of Evidence. Dismissing Plaintiff['s] Proposed Complaint at this stage of the proceeding would reward Dr. Begley's counsel for evasiveness, and discourage the informal resolution of discovery disputes.

18. My client, George Rambo did nothing to contribute to the delay in filing Plaintiff's Submission of Evidence.

(App.159–60).

On July 1, 2002, Dr. Begley filed a supplemental memorandum raising spoliation of evidence as another ground for dismissal or in the alternative summary judgment. Dr. Begley's counsel asserted that counsel for Rambo "disclosed [to counsel] that the original audiotape recordings secretly made by Rambo of conversation with . . . Dr. Begley . . . had been either lost or destroyed, and that they were no longer available for inspection by Dr. Begley." (App.195–96). Dr. Begley noted that the incomplete transcripts prepared by Rambo did not contain opening or closing saluta-

tions even though Rambo stated that he began his recordings before entering the room with Dr. Begley. Also, the transcripts contained obvious redactions. Dr. Begley asserted that the incomplete transcriptions offered by Rambo before losing or destroying the audiotapes should result in a sanction of dismissal because "Rambo has clearly attempted to avoid the spirit and literal requirements of the rules of discovery, by divesting himself of incriminating evidence before the Court could order its disclosure." (App.197).

On August 19, 2002, Rambo responded to Dr. Begley's supplemental motion regarding spoliation. He denied that the audiotapes were intentionally destroyed or lost. Also, Rambo asserted that Dr. Begley failed to demonstrate that the tapes contained incriminating evidence. He asserted that no sanction should be assessed because "[a]t worst, the loss of the tapes is harmless to Dr. Begley." (App.201). Also on August 19, 2002, Rambo served his answers to Dr. Begley's second set of interrogatories.

On August 21, 2002, Dr. Begley filed a memorandum in response to Rambo's assertions regarding spoliation of evidence in which Dr. Begley, *inter alia*, urged that Rambo's deposition testimony coupled with portions of Rambo's incomplete transcripts of the conversations indicated that, at the time of the recordings, Rambo had been attempting to force Dr. Begley to sign documents regarding his wife's competency to choose a retirement plan option in exchange for Rambo's agreement not to sue Dr. Begley for medical malpractice.

The trial court held a hearing on the motion on August 21, 2002 where the parties presented argument on their positions. On January 8, 2003, the trial court entered its order dismissing Rambo's complaint for medical malpractice pursuant to Indiana Code § 34–18–10–14 for failure to prose-

cute his claim as required by the Act. The trial court specifically found that Rambo did not show good cause for his failure to prosecute.

### DECISION

■ Rambo contends: 1) the 180–day period for the medical review panel's decision does not constitute a statute of limitations; and 2) that he demonstrated good cause for failing to provide the panel with his evidentiary submission, *i.e.*, because Dr. Begley and his counsel failed to cooperate with discovery requests. We disagree with Rambo's assertion that he demonstrated good cause for failing to provide his evidentiary submission to the panel prior to the expiration of the 180–day period for the panel's decision.

■ Indiana Code § 34–18–10–14, a section of the Medical Malpractice Act, provides:

> A party, attorney, or panelist who fails to act as required by this chapter without good cause shown is subject to mandate or appropriate sanctions upon application to the court designated in the proposed complaint as having jurisdiction.

Although it is true that the 180–day time period for the medical review panel's decision is not a statute of limitation or the functional equivalent of one, it is, however, well settled that a trial court is vested with the discretion to impose appropriate sanctions, including dismissal of a proposed complaint, when a party, without good cause shown, fails to act in a timely manner.[2] *See Gleason v. Bush,* 689 N.E.2d 480, 482–83 (Ind.Ct.App.1997); *Jones v.*

*Wasserman,* 656 N.E.2d 1195, 1196–97 (Ind.Ct.App.1995).

In *Jones,* we noted:

> The Act authorizes the panel chair to establish a reasonable schedule for submission of evidence to the medical review panel, ... and, in addition, mandates the panel to render its opinion within 180 days of the selection of the complete panel. Implicit in these provisions is the corresponding duty upon the parties to comply with the schedule, if one is set by the chair, and upon the parties and the panel to comply with the 180 day limit; an available remedy for any breach is court-ordered sanctions.
>
> Necessarily, the initial burden falls upon the party submitting the proposed complaint. Without evidence from the complainant in support of the proposed complaint the review panel is unable to "express its expert opinion as to whether or not the evidence supports the conclusion that the defendant or defendants acted or failed to act within the appropriate standards of care as charged in the complaint." Only when the complainant's evidence is submitted is the defendant in the proposed complaint compelled to come forward with evidence in response....

*Jones,* 656 N.E.2d at 1196 (quoting *Galindo v. Christensen,* 569 N.E.2d 702, 705–706 (Ind.Ct.App.1991)).

■ Rambo contends that inaction by Dr. Begley on discovery matters demonstrates that Rambo had good cause for his failure to submit evidence to the panel before the expiration of the 180–day period for the panel's decision. We rejected a similar argument in *Gleason,*

---

**2.** We are also cognizant of the matters Dr. Begley asserted as demonstrating prejudice to him based upon Rambo's failure to prosecute the claim. In determining the appropriate sanctions for a party's failure to comply with

the Act, a trial court may consider whether prejudice resulted. *See Gleason,* 689 N.E.2d at 483. Dr. Begley asserted that he was prejudiced by the passage of time and by Rambo's spoliation of evidence.

[W]e are troubled by Gleason's claim that the defendants did not fulfill their responsibility under the Act because they merely waited for Gleason to submit his evidence to the panel and did not "contact [Gleason] or the panel chairman [to] determine the cause for the delay and take action to speed it up." It is not a defendant's duty to prosecute plaintiff's case.

*Gleason*, 689 N.E.2d at 484 (citations omitted). In short, the burden rests upon the complainant to advance his cause.

We note that both parties failed to complete propounded interrogatories in a timely fashion. We do not here endorse either party's failure to respond to discovery requests; however, a complainant has at his disposal the ability to request, in a formal manner, discovery completion to counteract any contumacious conduct by a defendant. Specifically, Indiana Code § 34–18–11–1 provides:

(a) A court having jurisdiction over the subject matter and the parties to a proposed complaint filed with the commissioner under this article may, upon the filing of a copy of the proposed complaint and a written motion under this chapter, do one (1) or both of the following:

\* \* \* \* \*

(2) compel discovery in accordance with the Indiana Rules of Procedure.

\* \* \* \* \*

(c) The court has jurisdiction to entertain a motion filed under this chapter only during that time after a proposed

complaint is filed with the commissioner under this article but before the medical review panel gives the panel's written opinion. . . .

In analyzing the same provision in a predecessor statute, this court stated:

Clearly, the statute contemplates discovery, including interrogatories, during proceedings other than those which occur after the medical review panel has been chosen. . . . Thus, the fact that the medical review panel had not yet convened is irrelevant to the determination of whether a party's lack of cooperation in the discovery phase has caused a delay in the proceedings.

*Castillo v. Ruggiero*, 562 N.E.2d 446, 453–54 (Ind.Ct.App.1990).

Here, Rambo failed to diligently pursue discovery over more than a three-year period between his proposed complaint and the completion of the medical review panel, the event that triggered the 180–day period for the panel's decision. Once the panel was set, Rambo had notice of the schedule for evidentiary submissions and the date that the panel's decision was due. He missed the extended deadline for filing his evidentiary submission. Then, he failed to respond to an inquiry by the medical review panel that reminded him of the date for the panel's decision, and that the rescheduled time for his submission had passed.[3] He did not request additional time for his submission or inform the panel of any perceived obstinacy by Dr. Begley. Rambo failed to communicate with the

---

**3.** We reiterate here that the chairman's November 5, 2001 letter that reminded Rambo that the extended deadline for Rambo's evidentiary submission had passed, also reminded Rambo: "Please take note that the panel's opinion is due by January 2, 2002." (App.47). Indiana Code § 34–18–10–13(b) provides "[i]f the panel has not given an opinion within the time allowed ..., the panel

shall submit a report to the commissioner, stating the reasons for the delay." While the letter could be construed to allow Rambo an extension of the deadline for the evidentiary submission, it in no way implied that the submission could be made beyond the 180–day period for the panel's opinion, *i.e.*, January 2, 2002, absent a showing of good cause.

panel until after the 180–day period for the panel decision had expired. Therefore, the circumstances in the present case demonstrate that the trial court did not abuse its discretion by dismissing Rambo's claim for failure to prosecute.

The trial court's judgment is affirmed.

SULLIVAN, J., and BAKER, J., concur.