## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 31 2018, 9:31 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Raymond Strominger
Pendleton, Indiana

ATTORNEYS FOR APPELLEE –
ROBERT J. LANG, D.O.

James F. Bleeke
Ashlie Keaton
Bleeke Dillon Crandall
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES –
CORIZON HEALTH, NEIL J.
MARTIN, M.D., SAMUEL J.
BYRD, M.D., HOUSMAN KIANI,
M.D., AND PAUL A. TALBOT,
M.D.

Jeb A. Crandall
Mary L. Graham
Bleeke Dillon Crandall
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Raymond Strominger,

*Appellant-Respondent / Plaintiff,*

v.

Robert J. Lang, D.O.,

*Appellee-Petitioner / Defendant,*

and

Corizon Health, Neil J. Martin, M.D., Samuel J. Byrd, M.D., Housman Kiani, M.D., and Paul A. Talbot, M.D.,

*Appellees-Third-Party Respondents / Defendants.*

December 31, 2018

Court of Appeals Case No. 49A04-1712-CT-2906

Appeal from the Marion Superior Court

The Honorable Thomas J. Carroll, Judge

Trial Court Cause No. 49D06-1708-CT-33048

**Najam, Judge.**

## Statement of the Case

Raymond Strominger appeals the trial court's dismissal of his proposed complaint for damages in this medical malpractice action. Strominger presents a single dispositive issue for our review, namely, whether the trial court abused its discretion when it dismissed his proposed complaint. We affirm.

## Facts and Procedural History

On March 28, 2016, Strominger filed an amended proposed complaint for damages alleging that Robert Lang, D.O.; Corizon Health, Neil Martin, M.D.; Samuel Byrd, M.D.; Housman Kiani, M.D.; and Paul Talbot, M.D. (collectively, "the Providers") committed malpractice in providing health care

to him.[1]  Pursuant to the Indiana Medical Malpractice Act ("the Act"), beginning in June 2016, the Providers sent numerous letters to Strominger suggesting names of attorneys who might serve as Chairman of the Medical Review Panel ("the Panel").  In response to those letters, Strominger advised the Providers that he would not agree to any of the attorneys proposed by the Providers, but that, pursuant to Indiana Code Section 34-18-10-4(1) (2018), he would ask the Clerk of the Indiana Supreme Court ("the Clerk") to provide a randomly selected list of possible Panel chairmen.

[3]  On October 24, 2016, Strominger contacted the Clerk and asked for a list of possible Panel chairmen, but he did not provide the $25 fee for that request as required by statute.  Accordingly, on November 18, the Clerk notified Strominger that his request could not be fulfilled.  The Providers continued to send letters to Strominger with the names of potential Panel chairmen, and Strominger rejected each of the proposals.

[4]  On August 28, 2017, Dr. Lang filed in the trial court a motion for preliminary determination of law and a motion to dismiss Strominger's proposed complaint for failure to prosecute.  On September 12, the other health care providers filed a motion to join Dr. Lang's motion.  And on September 13, Strominger filed his response to the Providers' motion.  The trial court scheduled a hearing on the motion for October 20, and the court rescheduled that hearing for 10:00 a.m. on

---

[1]  Strominger has not included his proposed complaint for damages in his appendix on appeal, and neither he nor the Providers explain the allegations of medical malpractice underlying his claims.

October 27, with notice to Strominger, who was incarcerated in the Department of Correction. The trial court "directed [Strominger] to make arrangements with Pendleton Correctional Facility and with 'Court Call' at least one (1) week prior to the hearing to appear by telephone." Appellees' App. Vol. II at 29. The court waived the fee for the "Court Call" service. *Id.*

Dr. Lang, by counsel, appeared for the 10:00 a.m. hearing on October 27, but Strominger, *pro se*, did not appear telephonically or otherwise. The court waited for fifteen minutes and, when Strominger still had not appeared, the court ordered that it "would decide the matter on the briefs." *Id.* at 30. Later that day, the trial court entered its order granting the Providers' motion and dismissing Strominger's proposed complaint. This appeal ensued.

## Discussion and Decision

Strominger, *pro se*, contends that the trial court "abused its discretion" when it dismissed his proposed complaint because the court "lacked the jurisdiction to do so."[2] Appellant's Br. at 5.

> In exercising its discretion and determining sanctions for a party's failure to comply with the Act, the trial court may appropriately consider, among other things, whether the failure was intentional or contumacious and whether prejudice resulted. The choice of sanctions is a matter within the discretion of the

---

[2] Strominger is correct that a trial court's subject matter jurisdiction to preliminarily determine issues of law or fact under the Indiana Rules of Trial Procedure is to be "narrowly construed." *See Griffith v. Jones*, 602 N.E.2d 107, 110 (Ind. 1992). But the trial court's order of dismissal here is expressly authorized by statute.

trial court, and we will review a trial court's exercise of discretion in this regard for an abuse of discretion.

An abuse of discretion occurs only where the trial court's decision is against the logic and effect of the facts and circumstances before the court. When reviewing a trial court's decision under an abuse of discretion standard, we will affirm if there is any evidence supporting the trial court's decision.

*Reck v. Knight*, 993 N.E.2d 627, 631-32 (Ind. Ct. App. 2013) (citations omitted), *trans. denied*.

[7]     The trial court had statutory authority to dismiss Strominger's complaint for failure to comply with Chapter 10 of the Act, which governs the creation of the Medical Review Panel, as well as its powers and duties. In particular, Indiana Code Section 34-18-10-14 provides that a party, attorney, or panelist who fails to act as required by Chapter 10 without good cause shown is subject to mandate or appropriate sanctions upon application to the court designated in the proposed complaint as having jurisdiction. "'Dismissal is a sanction which a trial court has the inherent authority to order in its discretion.'" *Reck*, 993 N.E.2d at 631 (quoting *Galindo v. Christensen*, 569 N.E.2d 702, 706 (Ind. Ct. App. 1991)). A trial court can grant relief under Indiana Code Section 34-18-10-14 only when two conditions have been met: 1) a party, attorney, or panelist has failed to act as required by Indiana Code Chapter 34-18-10 and 2) good cause has not been shown for the failure to act. *Adams v. Chavez*, 874 N.E.2d 1038, 1042-43 (Ind. Ct. App. 2007).

Indiana Code Section 34-18-10-4 provides as follows:

> A medical review panel shall be selected in the following manner:
>
> (1) Within fifteen (15) days after the filing of a request for formation of a medical review panel under section 2 of this chapter, the parties shall select a panel chairman by agreement. If no agreement on a panel chairman can be reached, either party may request the clerk of the supreme court to draw at random a list of five (5) names of attorneys who:
>
>> (A) are qualified to practice;
>>
>> (B) are presently on the rolls of the supreme court; and
>>
>> (C) maintain offices in the county of venue designated in the proposed complaint or in a contiguous county.
>
> (2) Before selecting the random list, the clerk shall collect a twenty-five dollar ($25) medical review panel selection fee from the party making the request for the formation of the random list.
>
> (3) The clerk shall notify the parties, and the parties shall then strike names alternately with the plaintiff striking first until one (1) name remains. The remaining attorney shall be the chairman of the panel.
>
> (4) After the striking, the plaintiff shall notify the chairman and all other parties of the name of the chairman.
>
> (5) If a party does not strike a name within five (5) days after receiving notice from the clerk:

(A) the opposing party shall, in writing, request the clerk to strike for the party; and

(B) the clerk shall strike for that party.

(6) When one (1) name remains, the clerk shall within five (5) days notify the chairman and all other parties of the name of the chairman.

(7) Within fifteen (15) days after being notified by the clerk of being selected as chairman, the chairman shall:

(A) send a written acknowledgment of appointment to the clerk; or

(B) show good cause for relief from serving as provided in section 12 of this chapter.

[9] Here, the undisputed evidence shows that Strominger failed to participate in the process of choosing a Panel chairman, in violation of Indiana Code Section 34-18-10-4. In particular, Strominger repeatedly rejected the lists of attorneys proposed by the Providers without offering his own lists, and he failed to pay the required $25 fee when he asked the Clerk to provide a list of attorneys. Only after almost a year and a half had passed without any compliance by Strominger did the Providers move to dismiss his proposed complaint.

[10] In his response to the Providers' motion, Strominger explained that, once he had rejected the names of three attorneys proffered by the Providers and had been unable to pay the fee to get a list from the Clerk, he saw no reason to respond to the Providers when they continued to proffer the same names.

Strominger stated that he "should not be forced to agree on a Panel Chairman from a list only provided by the [Providers]." Appellant's App. Vol. II at 26. But Strominger did not explain why he did not provide a list of names of attorneys himself. And he failed to appear at the hearing on the Providers' motion.[3] We cannot say that Strominger demonstrated good cause for his failure to comply with the statutory process for selecting a Panel chairman. *See Adams*, 874 N.E.2d at 1042-43. And we hold that the trial court did not abuse its discretion when it dismissed Strominger's proposed complaint.

Affirmed.

Pyle, J., and Altice, J., concur.

---

[3] Strominger disagrees with the trial court's Order Certifying Statement of Evidence, filed on August 9, 2018, which provides that the court "did not cancel th[e] hearing, or direct anyone to notify the parties of any cancellation of th[e] hearing, before it was scheduled to begin on October 27, 2017, at 10:00 a.m." Appellees' App. Vol. II at 30. Strominger asserts that he failed to appear because someone had told him that the hearing had been canceled. But there is no evidence in the record on appeal to support Strominger's version of events. Factual material outside the trial record cannot be considered on appeal. *Chesterfield Mgmt., Inc. v. Cook*, 655 N.E.2d 98, 101 (Ind. Ct. App. 1995), *trans. denied*. Thus, we do not consider two items included in Strominger's amended supplemental appendix that were not part of the trial record, namely, his response to attorney James Bleeke's verified statement of evidence, found at pages 44-52, and Strominger's verified statement of evidence, found at pages 53-56, which the trial court had stricken from the record.